A. BRUTSCHE, Appellant, v. JERRY BOWERS AND ALLEN BOWERS, Appellees.

**Nuisance: PLEADINGS: JUDGMENT.** Where the original petition
1 and answer in a suit to enjoin the maintenance of highway
fence tender an issue as to the location of the fence, an amend-
ment to the petition describing the highway somewhat differ-
ently, which is unanswered, will not entitle the plaintiff to
judgment on the pleadings.

**Injunction: MAINTENANCE OF:** One who is himself obstructing a
2 highway by means of a fence cannot maintain a suit to enjoin
another from maintaining a fence in the same highway.

**Evidence: FORMER SURVEY.** Where the court has previously
3 caused a boundary line to be surveyed, that fact may be shown
in evidence, though not pleaded as an adjudication.

*Appeal from Guthrie District Court.*—HON. J. H. APPLE-
GATE, Judge.

MONDAY, JANUARY 18, 1904.

SUIT in equity to enjoin an alleged nuisance in a high-
way, and to recover damages suffered by plaintiff on ac-
count thereof. Defendants admit there is a highway at
the place in question, but claim that a fence erected by
them, which is the nuisance complained of, is on the south
line of said highway, thirty-three feet from the center
thereof, which is the true line between sections 1 and 12
in a certain township of Guthrie county. On the issues
joined, the trial court dismissed plaintiff's petition, and
he appeals.—*Affirmed.*

*Salinger & Korte* and *C. W. Hill* for appellant.

No appearance for appellee.

DEEMER, C. J.—Plaintiff alleges that the highway which he claims defendants obstructed with a fence was lawfully established by the proper authorities in June of the year 1872, and is known as the "Shotwell Road and Extension." He also avers that the highway was dedicated to the public by a former owner of the land which defendants now own, and that it is also a highway by prescription. The defendants admit that there is a highway running east and west between sections 1 and 12, but say that their fence does not obstruct this highway, but, on the contrary, is on the south line thereof.

Plaintiff claims that a motion made by him for judgment on the pleadings should have been sustained, and that the court was in error in denying the same. This is bottomed on the proposition that as he (plaintiff) amended his petition by describing the road somewhat differently from the manner in which he originally described it, and as defendants failed to answer these amendments, there was in fact no issue to be tried. To this proposition we cannot assent. Manifestly these amendments were to cure the description of the highway given in the original petition. There was no intent to charge a different highway. It is, according to plaintiff's own allegations, the highway between sections 1 and 12, wherever that may be, or under whatever designation it may have had. The defendants' answer tendered an issue regarding the location of the fence. The defendants denied that the fence was in the highway, and pleaded that it was on the south line thereof. This unquestionably made an issue, which was tried to the court, resulting in the decree hitherto stated.

1. PLEADINGS; judgment.

II. Coming to the merits, we have had a great deal of difficulty in understanding the record. A number of photographs were offered in evidence, which are included in the abstracts, but some of

2. INJUNCTION: maintenance of.

them have so faded as to be of little or no use. Some of the plaintiff's witnesses referred to plats and records of surveys, and to certain dots and lines thereon. These plats and records are not included in the abstract, and have not been certified for our inspection. This much, however, is clear from the record, and that is that plaintiff is himself obstructing the very highway which it is claimed is obstructed by defendants' fence. He also is maintaining a fence on the north side of the highway, which he claims defendants are obstructing on the southside. This being true, he is in no position to complain. He comes into court with unclean hands, and is not entitled to invoke the jurisdiction of a court of equity. He should first remove the mote from his own eye before insisting that his neighbor remove the one in his. Aside from this, we do not think that he has shown that defendants' fence is in the highway.

The entire case depends upon the true location of the original government corner common to sections 1, 2, 11, and 12 in township 81, range 33. There has always been 3. EVIDENCE: a dispute about his, but we think it is where former survey. it was fixed by one McLaren, who was appointed by the court as a commissioner to locate the same some time in the year 1889. If that be the true corner, then defendants are not obstructing the highway, for their fence is on the south line thereof, and not in the center, as claimed by plaintiff. It is very difficult, in such cases as this, where the original monuments are obliterated, to come to a satisfactory conclusion. But as the parties living in that vicinity, who, we may presume, knew where the original corner was improved with reference to the one which was afterward established by McLaren, we think this practical construction should be given effect. Defendants do not plead a former adjudication, but we may nevertheless consider this survey made under the order of the court as bearing upon the question of the

true location of the corner.   In the absence of such a plea this evidence is not conclusive, but should be considered on the question of true location.  Should we be wrong in our conclusions as to the facts, it is nevertheless apparent that plaintiff is in no position to complain.  Defendants pleaded that plaintiff himself obstructed the highway, although it must be confessed that this pleading is not as specific as it might have been.   In the absence of a motion for a more specific statement, it was sufficient to tender an issue, and, as it is clearly established by the evidence, we think it of itself defeats plaintiff's action.   *Cassaday v. Cavenor*, 37 Iowa, 300.

The decree is therefore AFFIRMED.