# Jones *v.* Barker.

### *Bill to Remove Obstruction Across Road.*

(Decided Nov. 9, 1909. 50 South. 890.)

1. *Highways; Obstruction; Bill to Remove; Sufficiency.*—A bill to abate an obstruction across a roadway which alleges that the way is a public way by reason of adverse user for forty years, that the roadway was dedicated for a public highway, and that the roadway is a necessity because it furnishes complainant the only way to market without going at least two miles out of the way, shows an equity in complainant as against demurrer.

2. *Equity; Pleading; Demurrer.*—Where the equity of a bill is rested on several grounds, one or more of which are sufficiently alleged, demurrers addressed to the bill as a whole are properly overruled, although there is doubt as to the sufficiency of the averments of some of the grounds.

APPEAL from Selma City Court.

Heard before Hon. J. W. MABRY.

Bill by Joan F. Barker against Carlisle Jones to remove obstructions across a public highway or roadway. Demurrers were overruled to the bill and respondent appeals. Affirmed.

The chancellor's decree is as follows: "Complainant predicates his rights to the use of the roads in question on three distinct grounds: First, by prescription; second, by reason of having been dedicated to the public; and, third, as a way of necessity. An easement by prescription may be acquired by an individual or by the public, and so may a highway be established by a prescription; but the user on which the title and right is predicated must have been adverse to the owner of the soil, not merely permissive, and must have been continuous and uninterrupted for a period of 20 years. And the mere use of land for road purposes, involving as it were ordinarily no injury to the owner, carries with it no presumption of adverse claim or claim of

[Jones v. Barker.]

right to use the road. And in the absence of facts and circumstances to the contrary, such user will be presumed to have been permissive merely. (Authorities cited here.) The bill avers that the road is a public highway; that it was known for over 40 years as Long or Race street, and among other things avers that it had been used by the public as and for a public road and highway for 30 years or more; that such use has been by the public exclusive, and was at all times open, notorious, adverse, and visible to all persons whatsoever; and that such use was by the public uninterrupted and continued, until obstructed by respondent as averred. The bill seeks to show that there has been a dedication of the road by reason of the land being platted into lots, and lots sold in reference to the road as thereon laid off; but its allegations in this behalf are insufficient. Its averments in substance are that the land over 40 years ago was platted and laid off into lots, and so shown by old maps of the town of Selma, and bounded by said Long or Race street, and lots were sold off and conveyances and deeds made, referring to and bounded the same by said streets; but there is no averment that the then owner platted the land, or made the maps, or sold the lots, or any of them (citing authorities). I think the other facts averred in the bill, going to show a former dedication and its acceptance by the public, are sufficient. A dedication may be expressed, or it may be implied from conduct or acts; it may be created by a single act, or by a series of acts; it may be created by a writing or orally. The bill avers that the Ferguson road has been continuously used by the public for about 40 years; that this road in the greater part of section 29 was really a street, and was known for over 40 years as Long, or Race street, and is so marked and designated on a number of maps made

of said tract, which maps have been promulgated by the makers thereof and used by the public; that said road was dedicated to the public; that a part of said road was dedicated to the public and opened to them by Hugh Ferguson, or the owner of said land prior to him, and a part of said land was dedicated to the public and opened to them by George O. Barker, or a prior owner of such land; that said road was accepted by the public and used by them for more than 30 years, and has been in continuous use by the public as a highway since it was so designated, up to the time of the obstruction complained of. (Authorities cited here.)" There are other matters in the decree, not deemed necessary to be here set out.

A. L. McLeod, for appellant.—There was no pretense of dedication by a deed and the bill does not aver that Baker dedicated the land or any part of it to use as a public road when he was the owner thereof. A dedication must be by the owner.—*Hood v. Attorney General,* 22 Ala. 190; *Harper v. The State,* 109 Ala. 66; *Jones v. Bright,* 140 Ala. 268; *Gordon v. Williams,* 151 Ala. 592. The averment was not good as to the dedication by maps and plats.—*City of Mobile v. Fowler,* 41 South. 468; sec. 6028, Code 1907. The averment that it was a public road was not sufficient.—*Jones v. Bright, supra.* User is presumptively permissive.— *Gordan v. Williams, supra.*

Pettus, Jeffries & Pettus, for appellee.—The demurrers were directed to the bill as a whole, and if any part of it contained equity upon which relief may be granted, the demurrer was properly overruled.—*Beall et al. v. Lehman-Durr & Co.,* 110 Ala. 452; *George v. C. R. R. Co..* 101 Ala. 608; *Tillman v. Thomas,* 87 Ala.

321; *Houston v. Williamson,* 81 Ala. 482. Right to use
a road may be acquired by prescription if the user was
adverse to the owner of the soil and was continuous
and uninterrupted for twenty years.—*Jones v. Purser,*
152 Ala. 354; *Gordon v. Williams,* 151 Ala. 592; *Jones
v. Bright,* 140 Ala. 268; *Sharp v. Marcus,* 137 Ala. 147;
*Jesse French P. Co. v. Forbes,* 129 Ala. 471; *Troup v.
McDonald,* 120 Ala. 200. The bill sufficiently avers
adverse user, and also that the road was dedicated by
maps and plats.—*Stewart v. Conley,* 122 Ala. 179;
*Cabell v. Williams,* 127 Ala. 320. The bill showed an
equity in complaint different from that of the general
public.—*Sloss S. S. & I. Co. v. Johnson,* 147 Ala. 384.
The averment of special damages were sufficient.—
*Tedeschi v. Burger,* 150 Ala. 649; *Jones v. Bright, su-
pra; Whaley v. Wilson,* 112 Ala. 627.

MAYFIELD, J.—The bill was filed by the appellee
against the appellant to remove an obstruction from,
over, and across a road or way leading to and from ap-
pellee's farm, which road or way crossed a part of ap-
pellee's farm, which adjoined that of appellant. The bill
alleges the ownership of the respective farms by appel-
lee and appellant and those under whom they claimed,
and a use of such way by the public continuously for
a long period, 30 or 40 years; that the way was known
both as a road and a street, and was so used for 40
years by appellee, her tenants, and those under whom
she claimed, as well as by the public; that this use was
at all times open, notorious, adverse, and continuous;
that the road in question led from appellee's farm to
Selma, Ala., the market place of appellee's tenants and
employes; that, with this road obstructed, appellee's
only way to market was obstructed; that she could not
get to market by any other practicable route, without

going at least two miles out of the direct way; that, owing to the peculiar location of appellee's farm with regard to the obstruction, she suffers annoyances different in degree and kind from those suffered by the public in consequence of the obstruction.

The obstruction consisted of ditches and wire fences, placed across the road by appellant. A map and plat of the lands belonging to appellee, to appellant, and to their neighbors is attached as a part of the bill, showing the location of the roads and of the obstructions as to the lands in question. While there is not a perfect correspondence between the location of the road as made by the averments of the bill and that as it appears from an inspection of the map attached, yet the difference is only such as might reasonably be expected from such descriptions. The difference is slight, and not at all material to the equity or the sufficiency of the bill in its averments. The bill is professedly drafted after the form of the bill in the case of *Cabell v. Williams,* 127 Ala. 320, 28 South. 405. On the authority of that case, and that of *Cochran v. Purser,* 152 Ala. 354, 44 South. 579, the averments of the bill are sufficient.

The equity of the bill rests upon three grounds: First, prescription; second, dedication; third, right of way of necessity. The demurrers are addressed to the bill as a whole, and are not intended to test the equity as to any particular one of the three grounds. There may be doubt as to the sufficiency of the averments as to one of the grounds, but not to all. The demurrers were therefore properly overruled.

We have not attempted to treat each phase of the bill separately, but only to determine the correctness of the decree from which the appeal is taken. The reporter will set out the opinion of the chancellor in the state-

[Webb v. Jones, et al.]

ment of facts, which opinion treats of the separate phases of the bill.

The decree of the chancellor is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.