# Keener, *et al. v.* Moslander.

*Bill to Restrain Stoppage of Passage to Theater.*

(Decided Feb. 17, 1911.    54 South. 881.)

1. *Equity; Principles and Maxims.*—Since he who seeks equity must do equity, one who comes into equity to put another in default for a failure to comply with the contract must show that he himself has not failed to perform his part of the contract, or give a sufficient excuse for his failure.

2. *Injunction; Action for; Sufficiency of Bill.*—Where a complainant seeking an injunction alleges that he was granted a right of passageway through premises leased by the respondent upon condition that the complainant would make certain changes and improvements in the premises, and would erect and maintain lights in the passageway, but in his bill to enjoin the obstruction of the passageway he avers only a partial performance of the things required by the contract to be performed on his part, the bill is demurrable for its failure to show complainant's full performance of his part of the contract.

3. *Same; Parties.*—Where an individual obtains a contract right to use a passageway and seeks to enjoin obstruction of the passageway, joining as party complainant, a corporation organized by himself and his associates, without showing a joint right in himself and the corporation, or any personal damages to himself except as a stockholder of the corporation. the bill is rendered bad for misjoinder of parties.

4. *Same; Right of Action.*—A complainant who has been guilty of a breach of the contract under which he seeks to enjoin respondent

from obstructing the passageway to a theatre, the use of which he has obtained by contract, and the breach has occurred before bringing the action, is not entitled to relief by injunction.

5. *Same Demurrers.*—Where any ground of demurrer to a bill seeking an injunction is well taken, the action of the court in sustaining the demurrer will be sustained.

(Dowdell, C. J., and McClellan, J., dissent.)

APPEAL from Mobile Circuit Court.

Heard before Hon. THOMAS H. SMITH.

Bill for injunction by J. T. Keener and the Keener Amusement Company against George E. Moslander. Decree for defendant and plaintiffs appeal. Affirmed.

The bill alleges that the Keener Amusement Company is incorporated under the general laws of the state of Alabama, that J. T. Keener is secretary and treasurer of said company, that he and his wife own a majority of the stock, that he is in the active management and control of the company and that they are engaged in the theatrical and moving picture business in the city of Mobile; their theater building being situated and located in a building that is to the rear of the building in the city of Mobile known as 215 Dauphin street, and that on the 10th day of September, 1909, Moslander was then conducting a candy business at and in the storehouse known as 215 Dauphin street, in the city of Mobile, under a lease for a term of years in and to the lower floor of said storehouse, and that complainant Keener and associates, subsequently incorporated as the Keener Amusement Company, contemplating the erection of a theater upon the lands in the rear or southwardly from said storehouse on Dauphin street, opened negotiations with said Moslander for obtaining an entrance and exit to the said theater building through said storeroom, held under lease by said Moslander, and as a result of these negotiations with the said Moslander the said J. T. Keener did obtain from

him a written contract of September 10, 1909, an exact
copy of which is hereto attached and marked "Exhibit
A," and made a part hereof.  Relying upon said con-
tract and its provisions as furnishing and securing the
entrance to and exit from the said proposed theater, the
complainant Keener and his associates as aforesaid in
faith and reliance upon the same proceeded to erect or
have erected at great expense and cost a commodious
and well-equipped theater upon grounds lying in the
rear of said store at No. 215 Dauphin street, and in
like manner relying upon said contract did at great
expense make all the changes and modifications in the
store contemplated and called for by said contract.
Then follows the declaration of the construction of the
contract and the payment of the rent as required.   It
is further alleged that, after entering into the execu-
tion of the alleged contract, orators went to a great
deal of trouble and incurred large expense in repairing
and rearranging the building at 215 Dauphin, so that
people who desired to attend the theater at the rear of
said building could do so uninterruptedly and without
restraint and in safety, and that the city ordinances in
that respect were fully complied with, and that re-
spondent Moslander stood quietly by and saw and per-
mitted orator to go to the trouble and expense, knowing
well that the reason why orators were making said
change and why said theater was being erected and
constructed, and well knew that it was absolutely nec-
essary for orators to have and maintain said passage-
way, in order to accommodate the patrons of said the-
ater, and that this they could only obtain by passing
through said building; said passageway being the way
of necessity for these complainants and their patrons.
Then follows an allegation of no other mode or means
of reaching the building, and if the passageway was

permanently closed or stopped the business would be wholly destroyed, and the entire investment rendered worthless and confiscated. The stopping of the passageway is then alleged by the building of a board fence, which leaves a space of only about three feet and that this is not sufficient. It is further alleged that Moslander is insolvent and that there is no other way of gaining entrance to the theater, except through his building, and that complainant is without adequate remedy at law. The prayer is for an injunction to restrain Moslander.

The contract, after setting out the time and price, is as follows: "The party of the second part hereby grants and leases unto the said party of the first part a free passageway through the above described store house from Dauphin street to the property owned by Martin Lindsey, the said passageway to be for the accommodation of patrons and others who may attend a theater to be built by the party of the first part on the aforesaid Lindsey property. In consideration of the above grants and leases, the party of the first part hereby agrees to make the following improvements and alterations in the aforesaid property. * * * Tear down a portion of the west wall of said storehouse at a point fifteen and one-half ($15\frac{1}{2}$) feet from the outer edge of the iron door plate at the entrance of said storehouse. (2) To brace the upper story with steel beams and iron posts, said work to be under the supervision of the city building inspector. (3) To tear out the back end of the present storehouse, and support the upper walls with steel beams and iron posts to be placed across the building. (4) To lay a substantial cement floor over the entire store, including back yard, from entrance at Dauphin street, continuously to Lindsey property. (5) To plank up to the east side of the said

[Keener, et al. v. Moslander.]

yard along a line of posts, as high as the party of the second part may require, leaving room for proper ventilation. (6) To place in the roof over the present back yard two skylights for light and ventilation. (7) To cut two doors in the wall, to give the party of the second part access to his room. (8) To place a theatrical sign at the front of the said storehouse, or across Dauphin street, and to install and maintain 400 to 500 electric lights on the front and inside of the said building. The party of the second part also reserves the right to instal electric sign in front of the building. (9) That when the aforesaid wall is cut 15½ feet from the front, to build a blank partition by and against the stairway, and also to put in a door entering from the street by said stairway; the right being reserved to the party of the second part to instal a wall showcase on the east side of the said west wall, beginning at the front of the house, abutting a pillar, and running back to where the said wall is to be cut, the said case to be used for the display of candies, etc., said case to be from 13 to 15 inches thick, and running back flush with the east wall of said pillar. From the front, where the said wall is cut, and begnining at said cut and extending back, there is also reserved to the party of the second part the privilege of placing a soda fountain, the front counter of which is not to extend into the building over 15 inches beyond the outer edge of the said wall showcase. (10) It is hereby agreed that the party of the second part retain the right to place a row of stools in front of soda fountain. It is further agreed that the party of the second part shall retain the right to extend showcases from soda fountain counter, to within 5 feet of Lindsey property. It is also reserved to the party of the second part the use of the premises at all times, but 30 minutes before the beginning of the

performances, or shows, he is to clear passage through the entire length of building, from entrances on Dauphin street to Lindsey property, as heretofore specified and agreed upon. It is further agreed that neither the party of the first part nor the party of the second part shall have a right to sublet any portion of said premises, without the written consent of the other party. This is to hold good at all times, except that either party sells his entire holdings. This lease is subject to condition in lease from McGull Institute to the party of the second part."

The following grounds of demurrer as noted in the opinion were filed to the bill: (3) "Because it appears from the contract alleged therein that the same is founded on reciprocal duties to be performed by both parties to the contract, and the bill does not show that the complainant Keener has performed the continuing duties therein imposed upon him." (13) "Because it does not appear that both complainants have a right of recovery, and, if both cannot recover, neither can." (14) "Because it does not appear from the bill what mutuality of interest exists between the two complainants." (15) "Because it does not allege the mutuality of interest between the two complainants. The bill does not state that they are tenants in common, or that they are partners, or any other facts giving a cause of action in which they may join as complainants." (17) "Because said contract therein referred to expressly prohibits any subleasing or assignment of interest which could permit the two complainants to be so interested together that they could have the right to sue together." (22) "Because said bill does not show how said Keener Amusement Company is now interested in said contract, and does not show any authority therein to make use thereof."

Plea 1 sets up that there is no such corporation in law as the alleged Keener Amusement Company, and that the corporation attempted to be formed is null and void, and sets out sections 25 and 26, pp. 87 and 88, Acts Sp. Sess. 1909, as the reasons therefor. Plea 2 alleges the agreement to maintain 400 or 500 electric lights in front of and within the building, and his failure. to do so. Plea 3 alleges the failure to put a suit- able roof over the courtyard, with a proper skylight and proper ventilation, and his failure to properly ven- tilate and put in proper skylights. Plea 4 sets out the same thing, together with section 940 of the Ordinances of Mobile, requiring pipes and gutters and roofs, and the failure of Keener to comply with the contract or with the order in reference to the ventilation, skylight- ing, or gutters, although often requested to do so.

FITTS & LEIGH, for appellant. The building of the fence constituted a nuisance as defined by sections 5193 and 5195, Code 1907, and the bill was properly filed to abate same.—*Jackson v. Snodgrass,* 140 Ala. 365; *Hill v. Houk,* 155 Ala. 448. The averments were sufficient to give the bill equity.—*Wharton v. Hannon,* 115 Ala. 518. The court of chancery will protect the enjoyment of easements annexed to private estates.—*Coleman v. Butt,* 130 Ala 266; *Gaynor v. Bauer,* 144 Ala. 448. The rule that equity has jurisdiction on account of the in- solvency of the respondent applies with double force where complainant's business is dependent on the ease- ments and where a continuance of the nuisance will work a complete destruction of the business.—14 Cyc. 1216 and 1218; 52 Atl. 234; 62 Ia. 505; 41 Mass. 414; 100 Am. Dec. 113 and note. A person in possession without title may maintain the action.—*Crommelin v. Cox,* 30 Ala. 318; 22 Cyc. 823. Any person injured in the

enjoyment of his private rights by the continuance of a nuisance may maintain an action to abate it.—*Walker v. Clifford*, 128 Ala. 67; 29 Cyc. 1234;; 7 Enc. P. & P. 256. Under the facts made by the bill the respondent was estopped to deny complainant's right to an enjoyment of the easement.—*A. G. S. v. S. & N. R. R. Co.*, 84 Ala. 570; *S. & N. R. R. Co. v. A. G. S.*, 102 Ala. 236; *Cowan v. So. Ry.*, 118 Ala. 354; *Pollard v. Maddox*, 28 Ala. 321. There was no misjoinder of parties plaintiff. —*Hill v. Houk, supra; Brewing Co. v. Brewing Co.*, 68 Atl. 1048. The assignment was not a breach of the contract.—24 Cyc. 974, 977; 98 Pac. 1115; 33 N. J. L. 254; *Broughton v. Mitchell*, 64 Ala.; *Burnett v. Eufaula H. I. Co.*, 46 Ala. 11. If it can be said that the acts of Keener operated as a forfeiture, the subsequent acts of respondent was a waiver thereof.—*Brooks v. Rogers*, 99 Ala. 433; 33 N. W. 76; 117 Fed. 801; 128 Fed. 553; 24 Cyc. 971.

BROOKS & STOUTZ, for appellee. The sustaining of any grounds of demurrer is the sustaining of the whole demurrer.—*Watson v. Jones*, 121 Ala. 579. The bill, in effect, is one for specific performance.—*Electric L. Co. v. Mobile* Co. 109 Ala. 193. The contract is not one which can be enforced.—*Tombigbee V. R. R. Co. v. Fairford L. Co.* 155 Ala. 589; *Elec. L. Co. v. Mobile Co. supra*, and authorities cited. There must be a mutuality in remedy.—*I. A. P. Co. v. W. U. T. Co.* 83 Ala. 509; *Chadwick v. Chadwick*, 121 Ala. 580. The right to relief must be clear and satisfactory, free from reasonable doubt.—*Moon v. Crowder*, 72 Ala. 89; *Homan v. Stewart*, 103 Ala. 654. The bill does not allege the contract sufficiently.—16 Cyc. 230. The bill does not offer sufficiently to do equity.—*C. & C. G. Co. v. Bienville W. S. Co.*, 106 Ala. 24; 16 Cyc. 140-141; 26 A. &

E. Enc. of Law, 43. The complainant must show that he has done all that was required of him by the agreement.—*Watkins v. Tuscaloosa,* 33. Ala. 518; *Hart v. McClellan,* 41 South. with 251; *Powell v. Higley,* 90 Ala. 103; *Gentry v. Rogers,* 40 Ala. 442; Sims Ch. Pr. 292. The contract was not assignable.—2 A. & E. Enc. of Law, 1018 and 1037; *Emerson v. Fisk,* 19 Am. Dec. 206; 127 U. S. 379; 133 U. S. 488; 152 U. S. 651. There was a misjoinder of parties.—16 Cyc. 167. The complainants do not come into the court with clean hands. —*Ashe-Carson Co. v. Bonifay,* 147 Ala. 3377. Both complainants must recover, or neither can.—*Butler v. Gazzam,* 81 Ala. 492; *Taylor v. Robinson,* 69 Ala. 269; *Commercial Assn. v. Parker,* 84 Ala. 298; *Bestor v. Barker,* 106 Ala. 253; *Richter v. Noll,* 128 Ala. 201. Counsel discuss other assignments of error, not necessary to be here set out.

ANDERSON, J.—It seems that the chancellor proceeded upon the idea, that the bill in question, was not one for the enforcement of a contract, but was to enjoin the obstruction of a passageway through the respondent's store and which said right of way had been conveyed to "Keener" by a contract, exhibited to the bill and made a part thereof. Whether the bill contains equity or not, we are not called upon to decide, and it may be conceded, that if the deprivation by the respondent of this passageway, was a nuisance and would result in damage, which could not be fully compensated for in an action at law, the defendant could prevent the obstruction or closing of same by a suit in equity. There is no theory however, upon which the complainants would be entitled to use the respondent's store as a passage way to the theatre, unless the right thereto is derived under and by virtue of the terms of the con-

tract. The contract does grant the passageway for a certain period, and for certain considerations and upon certain conditions, but it calls for reciprocal duties on the part of Keener, who cannot put the respondent in default, for denying the right of way, without first averring and showing, that he had complied with the conditions enjoined upon him. He who seeks equity must do equity; and he who would put another in default for failing to comply with a contract must show that he has not breached his part of said contract, or else give an excuse for a failure to perform. The complainants must show a rightful claim to use the passageway before they can complain of the obstruction of same, and in order to do this they rely upon the contract. The contract requires certain things of Keener, present and continuous, but the bill avers only a partial performance of these requirements, and which is not sufficient to put the defendant in default for failing to maintain and keep open the passageway through the store. The bill avers a compliance with the contract as to changes and improvements of the property but it does not aver the erection and maintenance of the lights up to and until the closing of the passageway. The grounds of demurrer proceeding upon this theory, notably number 3, were properly sustained. If any one ground was properly sustained this would result in affirming the chancery court as to the ruling on the demurrer, but as there are grounds as to misjoiner, we will discuss them as a guide in the further progress of the case. The bill does not show a joint right of Keener and the Amusement Company to maintain same as Keener shows no personal damage to himself; he is only affected as a stockholder in the corporation and a majority of the court are of the opinion that grounds 13, 14 and 15 of the demurrer are well taken. The writer

[Keener, et al. v. Moslander.]

is also of the opinion that grounds 17 and 22 are well taken and that the corporation shows no right to maintain the bill, but the views on this point are not shared in by the other members of the court, a majority thinking that while there is a misjoinder, that the corporation shows a right to maintain the bill.

Pleas 2, 3, 4, 5 and 6, set up, in varying ways and forms, a breach of or non compliance with the contract before the closing of the passageway by the respondent and presented a good defense to the bill of complaint.— *Ashe v. Bonifay,* 147 Ala. 376; Pomeroy's Eq. Jurisprudence, vol. 1, §§ 397-9; Sims' Chancery Practice, 292.

The decree of the chancery court is affirmed.

Affirmed.

SIMPSON, MAYFIELD, SAYRE and SOMERVILLE, JJ., concur in the opinion as to the pleas and the ground oi demurrer testing the failure to aver a compliance with the contract and all except MAYFIELD, J., concur as to the misjoinder. MAYFIELD, J., being of the opinion that there is no misjoinder.

DOWDELL, C. J., dissents, being of the opinion that the demurrer is not good, but does not commit himself as to the sufficiency of the pleas.

MCCLELLAN, J., dissents as to the demurrer and pleas and thinks that the decree should be reversed.