# Louisville & Nashville R. R. Co., *et al. v.* Mauter.

### Bill to Abate Nuisance.

### (Decided April 5, 1917. 74 South. 932.)

**1. Municipal Corporations; Obstruction of Street; Abatement.**—A bill seeking abatement of a street obstruction is not demurrable because it seeks damages for a period barred by the statute of limitations, since it is maintainable to abate the nuisance and recover damages within the statutory period.

**2. Estoppel; Abatement of Nuisance.**—A complainant's silent acquiescence in the construction by a railroad of a cut across a street does not estop him from enjoining its future maintenance because constituting a nuisance.

APPEAL from Cullman Chancery Court.

Heard before Hon. JAMES E. HORTON, JR.

Bill by Theobold Mauter against the Louisville & Nashville Railroad Company to abate a public nuisance, the obstruction of a public street. From a decree overruling demurrers to the bill respondents appeal. Affirmed.

GEORGE H. PARKER and EYSTER & EYSTER for appellants. EMILE AHLRICHS for appellee.

SOMERVILLE, J.—The bill of complaint is filed to abate a public nuisance, viz., the obstruction of a public street in the town of Cullman, by the respondent companies. The bill is sub-

[Hatfield v. Riley.]

stantially the same as the bill exhibited in the case of *S. & N. A. R. Co. v. Schauffler*, 189 Ala. 58, 66 South. 502, relating to the same obstruction of the same street; and, on the authority of that case, we hold that this bill contains equity, and sufficiently shows the right of complaint to maintain the suit.

(1) It is true that this bill is filed 3 years later than the Schauffler bill, and that damage occurring more than a year before its filing is barred by the statute of limitations of one year. But the mere allegation of damage not incidentally recoverable for in this suit does not affect the equity of the bill, nor render it demurrable, since it is nevertheless maintainable to abate a continuing nuisance, and incidentally to recover such damages—even nominal damages—as here accrued within 12 months preceding.—*McCary v. McLendon*, 195 Ala. 497, 70 South. 715.

(2) Nor did complainant's silent acquiescence in the construction of the cut across the street work an estoppel with respect to its future maintenance by respondents.—*A. G. S. R. R. Co. v. Barclay*, 178 Ala. 124, 59 South. 169; *McCary v. McLendon, supra.*

The demurrer to the bill was properly overruled, and the decree appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.