(80 South. 408)

SOUTH & NORTH ALABAMA R. CO. et al. v. MAUTER. (6 Div. 772.)

(Supreme Court of Alabama. Nov. 28, 1918.)

1. LIMITATION OF ACTIONS ⬩⟺55(6) — STREETS—OBSTRUCTIONS—DAMAGES.

Claim for damages for obstruction of street by railroad arose upon completion of the work of obstruction, and action therefor not brought within a year after completion was barred by statute of limitations.

2. LIMITATION OF ACTIONS ⬩⟺182(2) — PLEADING—ANSWER—NOTE OF SUBMISSION.

In view of Code 1907, § 3128, permitting incorporation of plea in answer, statute of limitation held properly invoked by defendant where note of submission contained answer one paragraph of which set up the statute of limitations.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Bill by Theobald Mauter against the South & North Alabama Railroad Company and others. Decree for complainant, and defendants appeal. Affirmed in part, reversed and rendered in part, and remanded.

Eyster & Eyster, of Albany, for appellants. Emil Ahlrichs, of Cullman, for appellee.

ANDERSON, C. J. The equity of the present bill was settled upon the former appeal, and it was there held that the respondents' demurrer was without merit. Louisville & N. R. Co. v. Mauter, 199 Ala. 387, 74 South. 932. We think that the weight of the evidence established the material averments of the bill, and that the trial court properly held that the complainant was entitled to relief. True, there was no proof of an express dedication of the street in question, but there was much evidence to establish an implied dedication, and the bill was amended so as to meet this phase of the proof.

[1, 2] The trial court prepared an able and exhaustive opinion in this case, wherein the legal questions as to the complainant's injunctive relief were involved and well and correctly treated same, and we fully approve said opinion, except in the one particular hereinafter noted. The proof shows that the work or improvement producing the injury to the complainant was complete for more than a year before the bill was filed, and continued unchanged up to the filing of the bill. The claim for damages, therefore, arose from the completion of the work, and the failure to take steps for the recovery of same within a year enables the respondents to invoke the statute of limitations of one year. Whaley v. Wilson, 112 Ala. 632, 20 South. 922, which said case was followed and approved in the case of Sudduth v. Cent. of Ga. Ry., 77 South. 350.[1] See, also, former report of this case, 74 South. 932.[2] Indeed, the trial court does not seem to have questioned this proposition, but proceeded to award damages upon the idea that the statute of limitations had not been properly invoked, that is, had not been specially pleaded or properly set out in the note of submission, and in this we think that the trial court was in error. Section 3128 of the Code of 1907 permits the respondent to incorporate a plea in his answer, and one paragraph of the present answer specifically sets up the statute of limitations, and the answer was in the note of submission, and which necessarily carried the plea incorporated therein. The cases cited and relied upon, as well as chancery rules 75 and 76, are not opposed to the present holding and relate to the note of testimony and what cannot be considered as evidence unless covered by the note of testimony. Whether the present answer was or was not so noted as to authorize the consideration of same as evidence we need not determine, as it was in the note of submission and was before the court as pleading and was established by the undisputed evidence.

The decree granting the complainant relief and awarding a permanent injunction unless the grievance is abated within a reasonable time to be fixed by the trial court is affirmed. So much of the decree, however, as awarded the complainant a moneyed judg-

─────────────────────────────

⬩⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 201 Ala. 56.     [2] 199 Ala. 387.

ment for damages is reversed, and one is here rendered disallowing the same.

Affirmed in part, reversed and rendered in part, and remanded. Appellee taxed with cost of this appeal; all other cost to be taxed against appellants.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.