(87 South. 338)

**STOLLENWERCK et al. v. GREIL et al.**
(3 Div. 478.)

(Supreme Court of Alabama. Jan. 20, 1921.)

**I. Dedication ⬥1—"Public easement" in land defined.**

A dedication or public easement in land is generally defined as its devotion to a public use by an unequivocal act of the owner of the fee, manifesting the intention that it shall be accepted to be used presently or in the future for such public purpose.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dedication; First Series, Public Easement.]

**2. Dedication ⬥31—Nature of acceptance stated.**

Acceptance of dedication of a street must be by competent authority and evidenced (1) by deed or other record; (2) by acts that operate as an estoppel in pais; or (3) by long-continued use on the part of the public in such wise as that a dedication and acceptance are presumed.

**3. Dedication ⬥63(1)—No abandonment of street except by legislative sanction.**

A street, once dedicated and accepted, cannot be abandoned, except by legislative sanction.

**4. Dedication ⬥18(1)—Contract as to street held dedication thereof.**

Where a public service company and a municipal corporation agreed that certain public streets should be used exclusively by the company, and in lieu thereof the company should maintain on its land certain other streets designated as private streets, the latter were public streets, as performance of covenants of contract was a dedication, and the adoption of contract by municipal authorities was an acceptance of the dedication, and the subsequent conduct of the parties could not impair the legal effect of that dedication.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by N. J. Greil and others against Frank Stollenwerck and others to enjoin the obstruction of a street or alleyway. Decree for complainants, and respondents appeal. Affirmed.

For the facts not stated in the opinion, see former report of this case, 201 Ala. 303, 78 South. 79.

Goodwyn & McIntyre, of Montgomery, for appellants.

The construction of a contract given by the parties to it will be given effect by the court. 9 Cyc. 588; 70 Ala. 136. The court will also take into consideration the relation of the parties and the objects to be accomplished. 104 Ala. 141, 16 South. 116; 28 Ala. 321. There never has been a dedication of this strip of land. 13 Cyc. 452; 109 Ala. 66, 19 South. 901. See, also, 174 Ala. 571, 57 South. 39; 125 Ala. 625, 27 South. 764; 37 Ala. 20; 70 Ala. 589.

Steiner, Crum & Weil, of Montgomery, for appellees.

The law for the case was settled on former appeal. 201 Ala. 303, 78 South. 79; 168 Ala. 639, 53 South. 162. The performance of the covenant in the contract amounted in law to

a dedication, which cannot be abandoned, except by legislative action. 158 Ala. 211, 48 South. 391; 202 Ala. 195, 79 South. 566; 202 Ala. 204, 79 South. 574; 138 U. S. 1, 11 Sup. Ct. 243, 34 L. Ed. 843.

THOMAS, J. The bill was to enjoin obstructing a part of a street abutting appellees' property in the city of Montgomery. Its equity was supported by the several provisions of a contract adopted June 9, and approved June 18, 1896, between the city council of Montgomery and the Mobile & Montgomery Railway Company and the Louisville & Nashville Railroad Company, a copy of which is attached to the bill and was set out in report of the first appeal. It was averred that the contract requirements had been carried out by the railroad company, the street in question had been opened to the public and used by the public since it was opened and improved by the railroad company, pursuant to contract, and that respondents were obstructing this street at the time the bill was filed, and proposed to continue such obstruction thereof.

Respondents filed separate answers incorporating demurrers therein. On submission for decree, on demurrer to the bill, the judgment was for respondents, and complainants appealed. That record presented all of the pleadings, including the answers of the several respondents, the demurrers being part of such answers, and a reversal was had. Greil v. Stollenwerck, 201 Ala. 303, 78 South. 79. The opinion discussed at length the legal effect of said contract between the city council of Montgomery and said railroad companies; stated that the conclusion was reached in the light of the judicial and legislative history, pertaining to the contract, and also "in view of the averments in the answers of the several respondents." Held, that the street in question (termed in the contract a private street) was a public thoroughfare of the city of Montgomery. The gist of the opinion is in its concluding words:

"It follows from what we have said that we hold that the way in question is a street, and as such subject to the right of use by the public as other streets in the city, notwithstanding it is called a private street in the contract. This being true, appellees (respondents below) have no right to close it, or to prevent the appellees as abutting owners from using it, and appellants' bill to enjoin such obstruction and closing of the street in question contains equity, and the trial court erred in sustaining the demurrer to the bill for want of equity."

It will be noted that in considering the question presented on first appeal the court decided the case as presented by the bill and exhibit, challenged by the demurrer, incorporated in respondents' answers. This is made to appear in the second subdivision of the opinion. The court considered the bill and answers together, and referred particularly to specific allegations of the answer. The respective insistences are stated in that opinion as follows:

"The railway company also insists that neither the public nor the abutting owners on this part of the street have any right to use or easement in, to, or over, that part of the street; that when it ceased to use the land east of Lee street for a depot there was no necessity for a street or easement there; and that it or its successors in title have the right to close it up and prevent its use by the public or by the abutting owners.

"On the other hand, these appellants (complainants below), who are abutting owners on that part of the street so abandoned and closed, claim that the part of such street in question became a public highway, by virtue of the contract and of the use to which for many years it was put, notwithstanding it was in the contract denominated a 'private street.' "

Mr. Justice Mayfield said:

"The phrase in the contract 'private street' is a paradox, if not an absurdity or inconsistency, in the use of speech or words. Literally and strictly speaking, there is and can be no such thing as a private street. There are and may be both public and private ways, but not so as to streets. Streets are a certain class of public highways; a public street, literally speaking, means no more than a street, while a private street, literally speaking, is an impossibility. No way can be both private and a street; it may be one or the other, but not both. * * *

"In construing this contract we must therefore determine whether or not a private way or street was to be constructed and maintained by the railway company. If a private way only, then, of course, there is no equity in this bill; if a street, then the bill does contain equity. Construing the contract as a whole, and in the light of its history, and of the uses to which the way was intended to be put, and was put, by the parties and the public for this long period, we are constrained to hold that the way is a street, and not a private way."

Subsequent to the rendition of this opinion, testimony was taken before the trial judge, and the cause was submitted for final decree. Appellants introduced testimony to substantiate the averments of their answer by witnesses S. E. Washburn and J. I. McKinney. Certain objections of appellees to parts of the testimony of Washburn and McKinney were sustained by the trial court, because the same were mere conclusions of the witnesses, or were irrelevant and immaterial to the issues as declared on first appeal. It is unnecessary to discuss in detail such rulings on evidence, which have been carefully considered and found to be without error. The portions of testimony excluded are immaterial, irrelevant, or incompetent, or mere reiterations of the averments of the answers of respondents which had been fully considered by the court on first appeal, the effect of which had been held insufficient to justify the contention of respondents that the street in question was a private way.

Upon the consideration of the pleading and evidence on final decree, the trial court reached the conclusion that appellees were entitled to the relief prayed, entered a decree to that end, and enjoined respondents from the further obstruction of the street in question. The decision on first appeal was the law of the case governing the trial in the lower court. Neither the evidence nor pleadings on final submission added anything that had not been considered and covered by the result announced on the first appeal. The taking of instant appeal is an effort on appellants' part to have the court review its former decision under section 5965 of the Code of 1907. After a full consideration of the pleading and legal evidence before us, we are not disposed to depart from or modify the announcements contained in Greil v. Stollenwerck, supra.

[1-4] We may add to what was said on former appeal as to the question of dedication and acceptance by municipal authorities of streets and roads—the subject of frequent discussion by the court—that a dedication or public easement in land is generally defined as its devotion to a public use by an unequivocal act of the owner of the fee, manifesting the intention that it shall be accepted to be used presently or in future for such public purposes; that acceptance of dedication of a street must be by competent authority, and evidenced: (1) By deed or other record; (2) by acts that operate as an estoppel in pais; or (3) by long-continued use on the part of the public in such wise as that a dedication and acceptance are presumed. City of Birmingham v. Graham, 202 Ala. 202, 79 South. 574; City of Mobile v. Chapman, 202 Ala. 194, 79 South. 566.

The performance of the covenants in the instant contract, by the railroad company, amounted, in law, to a dedication of the street; the adoption of the contract by the municipal authorities amounted in law to an acceptance of the dedication. Once dedicated, it cannot be abandoned, except by legislative sanction. State ex rel. Attorney General v. L. & N. R. R. Co., 158 Ala. 208, 211, 48 South. 391. The covenants in the contract when executed have been and must be construed as creating an irrevocable easement in the public over the constructed street. Joy v. City of St. Louis, 138 U. S. 1, 11 Sup. Ct. 243, 34 L. Ed. 843; City of Troy v. Watkins, 201 Ala. 274, 78 South. 50; Greil v. Stollenwerck, supra. There being an unquestioned dedication by the owner of the fee, the subsequent conduct of such former owner could not impair the legal effect of such dedication on the part of the railroad corporation, and acceptance of the street on the part of the city. The railway company or the city authorities, by the act of placing or permitting the obstructions in question, did not abandon the right thus having been accorded, accepted, and acquired for public benefit.

We deem it unnecessary to reopen the discussion by repeating what was said on former appeal; it is still the law of the case, and is not differentiated by any subsequent conduct of the parties. By agreement of parties, the testimony was taken orally (in open court) before the presiding judge, and the final decree thereon is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.