(127 So. 160)

**JORDAN v. McLEOD.**

4 Div. 449.

Supreme Court of Alabama.

Jan. 28, 1930.

Rehearing Denied April 3, 1930.

A. G. Seay, of Troy, for appellant.

Wilkerson & Brannen, of Troy, for appellee.

THOMAS, J.

There is cross-assignment of errors by the original complainant and respondent filing cross-bill. Relief was denied both parties and their respective pleadings dismissed.

Certain principles urged are well understood and given statement in the decisions; for example, that the uninterrupted use by the general public of a roadway for twenty years raises the presumption of a dedication by the original owners and acceptance by the public. City of Birmingham v. Graham, 202 Ala. 202, 204, 79 So. 574; Thrasher v. Burr et al., 202 Ala. 307, 80 So. 372; Fuller v. Fair, 202 Ala. 430, 80 So. 814; Stollenwerck et al. v. Greil et al., 205 Ala. 217, 87 So. 338; Williams v. Oates, 212 Ala. 396, 102 So. 712; Harvey v. Warren, 212 Ala. 415, 102 So. 899; Ft. Payne Co. v. City of Fort Payne, 216 Ala. 679, 114 So. 63; Stillwell v. McCollister, 214 Ala. 141, 107 So. 78; Thetford v. Town of Cloverdale, 217 Ala. 241, 115 So. 165. It is further established by the decisions that adjacent landowners agreeing upon a line between them as their dividing line, and occupying thereto as the dividing line, or when one of them places a fence between them as the dividing line, and claims and holds thereto, with the knowledge of such claim by the other and adjacent owner, possession thereto and thereunder is adverse as to such other party. Copeland v. Warren, 214 Ala. 150, 107 So. 94; Snodgrass v. Snodgrass, 212 Ala. 74, 101 So. 837; Aiken v. McMillan, 213 Ala. 494, 106 So. 150; Smith v. Bachus et al., 195 Ala. 8, 70 So. 261; Shepherd v. Scott's Chapel, 216 Ala. 195, 112 So. 905.

When obstructions and encroachments are upon or in a public highway, and renders that highway less commodious, it is an unwarranted interference with its use, and is a public nuisance that may be abated by the authorities, or generally by some interested and injured citizen or property owner (not estopped or denied by principles of equity) for the use and benefit of himself and that of the general public. City of Troy v. Watkins, 201 Ala. 274, 78 So. 50; First National Bank of Montgomery v. Tyson, 144 Ala. 457, 39 So. 560; Douglass v. City Council of Montgomery, 118 Ala. 599, 24 So. 745, 43 L. R. A. 376. The superior right of the municipality or the sovereign for the general public and that of the citizen or adjacent property owner were clearly stated in Thetford v. Town of Cloverdale, supra. The superior right or use by the public of its thoroughfares is unaffected by the statute of limitations, equitable estoppel, or prescription. That the right of an individual to maintain a bill in his own right may, in a proper case, be subject to such defenses, and is dependent on the peculiar facts, is the announcement of the courts.

And applying the rule as to coming into equity with clean hands, the right was denied (to the alleged claimant of exclusive right of ferriage across the river) to restrain another from operating a ferry across the river between the same places, where plaintiff himself was a wrongdoer in first invading the rights of defendant. Power v. Athens, 99 N. Y. 592, 2 N. E. 609. See Pittsburgh, etc., Co. v. Crothersville, 159 Ind. 330, 64 N. E. 914; Goldman v. Reyburn, 18 Pa. Dist. R. 883, and Headley v. Chester, 22 Pa. Dist. R. 900, cited in 32 C. J. pp. 67, 68. "No tort-feasor can engage a chancellor's attention," etc. can engage a chancellor's attention," etc. Hartman v. Pennsylvania Range Boiler Co., 24 Pa. Co. Ct. R. 324, 326.

It is further declared as to the right of injunction (32 C. J. p. 67, § 50):

"Injunction will be denied even though complainant shows that he has a right and would otherwise be entitled to the remedy in case it appears that he himself acted dishonestly, fraudulently or illegally in respect to the matter in which redress is sought, or where he has encouraged, invited or contributed to the injury sought to be enjoined. However, the general principle that he who comes into equity must come with clean hands applies only to plaintiff's conduct in relation to the very matter in litigation."

It has been held by this court that, if complainant so acted as to raise an estoppel against him, he will not be granted an injunction to prevent the encroachment upon the public highway by the building sought to be removed by injunction. Adams v. Birmingham Realty Co., 154 Ala. 457, 45 So. 891; 13 R. C. L. p. 244, §§ 201, 204.

In the Adams Case, supra, the two buildings of the respective parties affected by the obstruction sought to be abated were upon the same public highway, and were "adjoining each other"; and a quasi estoppel by acquiescence of complainant was enforced, and complainant was denied the right to abate the encroachment upon that public highway at the time and place immediately and mutually affecting him and respondent. It is hardly necessary to observe that, if the injury on the public highway sought to be abated had no immediate and necessary relation to the equity or right which complainant sought to enforce against the defendant, there could be no estoppel or quasi estoppel. As applied to the case before us, the encroachments set up in the respective pleadings were immediate and effective, and of necessary relation as to time and place to the adjacent landowners on both sides of that alley, and affected the rights of both parties to the unobstructed use thereof throughout the length and breadth of their adjacent properties abutting thereon. The estoppel is in their respective encroachments on the subject-matter as to time and place as to bar the action of complainant un-

der the original bill and that of respondent under his cross-bill.

In Folmar Mercantile Co. v. Town of Luverne, 203 Ala. 363, 83 So. 107, 109, it is declared from Judge Stone's opinion:

"In McBryde v. Sayre, 86 Ala. 458, 462, 5 So. 791, 792, 3 L. R. A. 861, the relief sought by way of injunction, to quote the opinion, partook 'largely of the nature of a bill for specific performance,' the court announcing the familiar rule that relative conveniences or inconveniences will be weighed, expressly restricting the exercise of the discretion in mind to the benefit of 'an unoffending party.' Certainly, the creator of a public nuisance cannot claim the consideration accorded, in some circumstances, to 'an unoffending party.'"

And the text of Corpus Juris rested on the Adams Case, 154 Ala. 457, 45 So. 891, and the authorities from Alaska, Colorado, Indiana, Iowa, Michigan, Pennsylvania, England, Manitoba, and Ontario is as follows (32 C. J. p. 69, § 52):

"If complainant has himself acted in such a way as to raise an estoppel against him, he will not be granted an injunction to prevent the act in question."

And in 29 C. J. 627–629, § 383, on the subject of "Highways," it is said:

"Where a road is shown to be an existing public highway, a private individual is entitled to an injunction against encroachments or obstructions thereon when, and only when, he has sustained special damage, etc., South, etc., Alabama R. Co. v. Schaufler, 189 Ala. 58, 66 So. 502; Alabama Great Southern R. Co. v. Barclay, 178 Ala. 124, 59 So. 169; Walls v. Smith, 167 Ala. 138, 52 So. 320, 140 Am. St. Rep. 24; Jones v. Barker, 163 Ala. 632, 50 So. 890; Jones v. Bright, 140 Ala. 268, 37 So. 79; Cabbell v. Williams, 127 Ala. 320, 28 So. 405; Whaley v. Wilson, 120 Ala. 502, 24 So. 855; Whaley v. Wilson 112 Ala. 627, 20 So. 922." * * * "In addition to proving special damage plaintiff must show that he has no adequate remedy at law, and that the injunction is necessary to preserve his rights from irreparable injury in a plain case, having due regard to the public interest, *and where plaintiff is not himself estopped, and where he himself is an obstructor, or has delayed applying for relief, under circumstances charging him with laches.*" (Italics supplied.)

In 2 Elliott's Roads and Streets, § 897, p. 1177, it is said of the right of injunction by an individual that "it may be lost by such laches as will work an estoppel."

It was held in Louisville & N. R. v. Mauter, 199 Ala. 387, 74 So. 932; South & North Alabama R. Co. v. Mauter, 202 Ala. 326, 80 So. 408, and Alabama G. S. R. Co. v. Barclay, 178 Ala. 124, 59 So. 169, that a mere delay or silent acquiescence (without more) was not sufficient to raise an estoppel against abatement by an individual of an unlawful obstruction on a public highway; though, in a bill in equity to abate a public nuisance as affecting complainant's right of damages, held that the statute of limitations applied. Sudduth v. Central of Georgia R. Co., 201 Ala. 56, 77 So. 350, Batterton v. Birmingham, 218 Ala. 489, 119 So. 13.

That is to say, the maxim that "he who seeks equity must do equity" has been applied with force and effect to injunctions, Irwin v. Shoemaker et al., 204 Ala. 89, 85 So. 269; Coburn et al. v. Coke et al., 193 Ala. 364, 69 So. 574, as where there is no offer to "return the money received under the contract"; Keener et al. v. Moslander, 171 Ala. 533, 54 So. 881, where one has first breached the contract right; Montgomery v. Sayre, 65 Ala. 564, where there were legal taxes due, and there was no offer to pay the same, though seeking to abate illegal taxes included, State Railroad Tax Cases, 92 U. S. 616, 23 L. Ed. 663.

A specific authority on the question in Brutsche v. Bowers and Bowers, 122 Iowa, 226, 228, 97 N. W. 1076, where the suit was in equity to enjoin an alleged nuisance on a public highway, and there was admission of dedication and use for the period by prescription. It was declared on the merits:

"A number of photographs were offered in evidence, which are included in the abstracts, but some of them have so faded as to be of little or no use. Some of the plaintiff's witnesses referred to plats and records of surveys, and to certain dots and lines thereon. These plats and records are not included in the abstract, and have not been certified for our inspection. This much, however, is clear from the record, and that is that plaintiff is himself obstructing the very highway which it is claimed is obstructed by defendants' fence. He also is maintaining a fence on the north side of the highway, which he claims defendants are obstructing on the south side. This being true, he is in no position to complain. He comes into court with unclean hands, and is not entitled to invoke the jurisdiction of a court of equity. He should first remove the mote from his own eye, before insisting that his neighbor should remove the one in his."

In support of this view is Broumel v. White, 87 Md. 521, 39 A. 1047, where abutters on a street did not offer to do equity by payment, as required for the removal of the obstacle. In applying this principle, the ordinary rule is that it has reference only to plaintiff's right against the defendant (Beekman v. Marsters, 195 Mass. 205, 80 N. E. 817, 11 L. R. A. (N. S.) 201, 122 Am. St. Rep. 232, 11 Ann. Cas. 332), and only "when his injury has an immediate and necessary

relation to the equity for which he sues." In Shaver v. Heller & Merz Co. (C. C. A.) 108 F. 821, 834, 65 L. R. A. 878, 887, Judge Sanborn observes:

"The principle that 'he who comes into equity must do so with clean hands' is familiar and indisputable. But it does not repel all sinners from courts of equity, nor does it disqualify any complainant from obtaining relief there who has not dealt unjustly in the very transaction concerning which he complains. The iniquity which will repel him must have an immediate and necessary relation to the equity for which he sues. Dering v. Winchelsea, 1 Cox, Ch. Cas. 318, 319, 2 Bos. & P. 270; Lewis' Appeal, 67 Pa. 153, 166; Bateman v. Fargason [C. C.] 2 Flip. 660, 4 F. 32, 33; Bispham, Eq. 61." 14 C. J. p. 353, § 56.

The evidence shows a platting of the city, containing blocks, lots, streets, and public alleys. A purchaser not only has the right to the use of the streets appurtenant to his lot, but the general public has use of all streets and public highways therein. Highland Realty Co. v. Avondale Land Co., 174 Ala. 326, 56 So. 716; Stack v. Tennessee Land Co. et al., 209 Ala. 449, 96 So. 355; Cloverdale Homes v. Town of Cloverdale, 182 Ala. 420, 62 So. 712, 47 L. R. A. (N. S.) 607. That is to say, as well stated in Thetford v. Town of Cloverdale, 217 Ala. 241, 115 So. 165, every purchaser of a lot shown on a plat has the right to have the use of the designated scheme of public ways and places maintained in its integrity. Ft. Payne Co. v. City of Ft. Payne, supra.

The evidence further shows a platting of the city of Troy, dedication and acceptance of the highways throughout the length and breadth of said public thoroughfares, as indicated in the Goldthwaite or Samford surveys or locations thereof, the sale of properties and employing of descriptions in conveyances with reference to said plats.

The complainant sought the relief prayed, restraining and forbidding the respondent to continue to build or erect said building or fences, and for mandatory injunction commanding respondent to remove said obstruction from said alley and "restore said alley to its former condition, free of any encroachment or obstructions;" and otherwise prayed for general relief. The respondent answered, and made it a cross-bill, which alleges that the alley fifteen feet wide and north of his property existed; that he is entitled to the use thereof, but does not know that plaintiff has such right therein; denied that he had encroached thereupon. He further alleges the facts to be: "That the complainant has encroached upon said alley to approximately the middle part thereof; that the complainant erected his residence so as to extend three feet over the line into said alley; that the complainant has built and is maintaining a coal house, and also a garage, each extending six feet over the north line of said alley; that the obstructions placed in said alley by the complainant have taken up one-half of the width of said alley, and thus has deprived and is depriving this respondent and others who may have the right to use the said alley of the full and convenient use thereof to which they are entitled; that this respondent is entitled to the full, free and complete use for ingress and egress over and along said alley for its entire width, and that the encroachments thereon, by the complainant, have prevented and are still preventing the respondent from so using and enjoying his rights in and to said alley; that the obstructions placed in said alley by complainant have caused and are causing irreparable damage to the respondent and his property, by reason of interfering with the full and free use thereof." The conclusion of the cross-bill is: "Cross respondent be required by order of this court to remove all obstructions placed in said alley by him, or under his instructions, and that he be perpetually enjoined from occupying or placing any obstruction in said alley, or any part thereof. The respondent and cross-complainant prays for all such other and further relief to which he may be found entitled upon the final hearing of this cause, and in duty bound would ever pray," etc.

As we understand this evidence, neither party comes to court with his right in the controversy unaffected by his own wrong and encroachments in question, and throughout the length and breadth of said highway. The trial court well understood the evidence, maps, surveys, photographs, references, and calls in conveyances set out, and the references of the witnesses to photographs, maps, or surveys, "indicating" as "here" and "there," J. H. Burton & Sons Co. v. May, 212 Ala. 435, 441 [10], 103 So. 46, and denied relief.

The reasonable inferences from the evidence were that both parties were encroaching upon that public highway. The decree was not erroneous, and we will not disturb that result. This will not prevent the city of Troy from acting in the premises against any and all who unlawfully encroach upon that public highway, free of estoppels, laches, statute of limitations, or prescription. Webb v. City of Demopolis, 95 Ala. 116, 13 So. 289, 21 L. R. A. 62; Smith v. Opelika, 165 Ala. 630, 51 So. 821; Alabama Western R. Co. v. State ex rel. Attorney General, 155 Ala. 491, 46 So. 468, 19 L. R. A. (N. S.) 1173, 16 Ann. Cas. 485.

In the foregoing views and result Mr. Chief Justice ANDERSON, concurs.

676

The judgment of the other justices—SAYRE, GARDNER, BOULDIN, BROWN, and FOSTER—is that there was error committed by the trial court in not granting complainant's bill as to what may be termed the new. obstructions or obtrusions upon the public alley by respondent, in the erection of the new additional and permanent obstructions or wall or foundation for the fence to be built alongside of respondent's yard or the north side thereof, and in the erection of a coal house on said proposed line. The situation as to this is well illustrated by the photograph attached and marked Exhibit A on page 158 of the record. And said justices hold that appellee's assignment of error, to the extent indicated under the evidence and general prayer, should have been granted; and that there was no error committed by the court in dismissing appellant's cross-bill. And they hold and declare that respondent-appellant is taxed with the costs of this appeal. In this result, in granting the relief indicated to appellee, ANDERSON, C. J., and THOMAS, J., do not concur, and hereby dissent for reasons heretofore stated by THOMAS, J.

Reversed and remanded.

SAYRE, GARDNER, BOULDIN, BROWN, and FOSTER, JJ., concur.

ANDERSON, C. J., and THOMAS, J., dissent.