[South & North Alabama R. R. Co., et. al. v. Davis.]

# South & North Alabama R. R. Co. *et al.* *v.* Davis.

## *Bill to Restrain Construction of Track.*

(Decided February 10, 1914.  64 South. 606.)

1. *Eminent Domain; Additional Servitude; Compensation.*—Although under municipal and legislative authority, the construction of a commercial steam railroad in a public street imposes a burden in excess of that imposed by the original dedication to public use, and interferes with the proprietary right of the adjoining landowner and is an exercise of eminent domain for which compensation must be made before the injury is done or the property taken.

2. *Same; Restraining Use; Right to Relief.*—Where a railroad company platted a town into lots and streets and sold the lots with reference thereto, an owner of one of such lots abutting a street, having the ultimate fee therein, may restrain the company from constructing under the authority of the municipality a side track in the street in front of his property until compensated for the damages which may be occasioned thereby.   (Sec. 227, Constitution 1907.)

3. *Dedication; Streets; Sale of Lots.*—Where an owner lays out his land into streets and lots, a sale of the lots with reference to the map showing the streets is an irrevocable dedication of the streets to the purchasers, vesting in them and their successors the ultimate fee to the center of the street, and divests the original owner of any right to pervert the use or impose an additional servitude, unless such fee is reserved.

4. *Boundaries; Lots Bounded by Streets.*—A conveyance of a town lot bounded by a public street presumptively carries with it a fee to the center of the street as a part of the grant.

APPEAL from Cullman Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Arletha F. Davis against the South & North Alabama Railroad Company and others to restrain the construction of a sidetrack in a street in front of complainants property until compensation is made. Decree for complainant and respondents appeal. Affirmed.

GEORGE H. PARKER, EYSTER & EYSTER, and STEINER, CRUM & WEIL, for appellant. If the dedication was

13—185

made, it was made in the year 1874, and was a common law dedication. Hence, it conveys the mere easement and not the fee.—Dillon Mun. Corp. 630-34; 9 A. & E. Enc. of Law, pp. 22, 57 and 73; *Perry v. N. O. & M. Ry.,* 55 Ala. 424. The mere easement held by complainant in the court below was not subject to condemnation.— *N. & O. Decatur Co. v. Karcher,* 112 Ala. 681. The use of the avenue for the purpose was not a public nui-sance.—*Perry v. N. O. & M. Ry., supra.*

BROWN & GRIFFITH, for appellee. The averments of the bill bring the case clearly within the rule that dis-covery is an independent source of equity jurisdiction, and the court having assumed jurisdiction for that pur-pose will adjudicate all matters of controversy.—*V. & A. M. & M. Co. v. Hale,* 93 Ala. 542; *Nixon v. Clear Creek Co.,* 150 Ala. 62; *Gulf Comp. Co. v. Jones C. Co.,* 157 Ala. 41; *Terrell v. So. Ry.,* 165 Ala. 438. The law imposes on corporations and individuals invested with the right of taking private property for public use the duty to first make just compensation.—*E. & W. R. R. Co. v. B'ham E. Co.,* 119 Ala. 134; *Neihaus v. Cook,* 134 Ala. 233; *Scharfenburg v. N. Decatur,* 155 Ala. 655. The owner of the contingent property is the owner of the ultimate fee extending to the center of the street. —*So. B. T. & T. Co. v. Francis,* 109 Ala. 227; *Evans v. Sav. & Wes.,* 90 Ala. 58; *C. & W. R. Co. v. Witherow,* 82 Ala. 190; *Perry v. N. O. M. & C. Co.,* 55 Ala. 424; sec. 227, Constitution 1901.

SAYRE, J.—In 1874 the South & North Alabama Railroad Company, being then the owner of the soil, laid out and platted the city of Cullman. It laid out First Avenue West so that its east line is coincident with the west line of its right of way. For some time

complainant (appellee) has owned an improved lot on the west side of First Avenue West, between First and Second streets, tracing her title through mesne conveyances back to defendant. First Avenue West is 100 feet wide. For years defendant has maintained, by authority of a municipal ordinance, a spur track on Second street, over which it has heretofore reached the warehouses and plants of various industrial concerns located upon that street some distance to the west, but this spur track was at no point within a hundred feet of complainant's property. Recently defendant, acting under the authority of a later ordinance contract with the city of Cullman, which is exhibited with the bill, has been engaged in improving its right of way through the city, laying double tracks on a lower grade, and constructing new depot buildings, and, in order to accommodate its traffic pending these improvements, has begun to lay tracks in First Avenue West. From the ordinance it appears that the main construction in First Avenue West is to be located to the east of the median line of the avenue, is to be temporary, and must be removed upon the completion of the permanent improvements which defendant has undertaken on its right of way. But this later ordinance also "gives and grants to said South & North Alabama Railroad Company the right and privilege to lay such spurs and side track as may be necessary, in connection with the permanent construction of its said double-track low grade line, to serve the industries in the city of Cullman already served by it with spur or side track," and under this authority defendant is about to lay a track from its temporary main line into Second street, which is planned to cross the center line of First Avenue West in front of complainant's property, and at one point to approach within six inches of her property line. The bill

avers that this new spur will constitute "a permanent and additional servitude upon said First Avenue West, to complainant's great detriment." An injunction is prayed to restrain the construction of "said side track in front of complainant's property," which we interpret to mean, not the temporary main line on the east side of the avenue but the spur track running into Second street, until defendant shall compensate complainant for the damage her property will suffer by reason of such construction.

There is no denial that the construction of a commercial steam railway in a public street, though done under concurring legislative and municipal authority, imposes a burden in excess of that imposed by the original dedication to public use, is an interference with the proprietary right of the adjoining owner where he owns the ultimate fee in the soil, is an exercise of the power of eminent domain by the taking of an estate or interest on his land for which he is entitled to compensation, which compensation, under the Constitution of this state, must be paid before the property is taken or the injury to the property is done.—*Western R. R. Co. v. Ala. G. T. R. R. Co.,* 96 Ala. 272, 11 South. 483, 17 L. R. A. 474. Nor is it denied that, to the effectuation of this right of the owner, he may have relief in equity by way of injunction.—*East & West R. R. Co. v. E. T. V. & G. R. R. Co.,* 75 Ala. 275. The single proposition of defendant's appeal is that complainant, in the circumstances averred, has no estate or interest in the soil of the street which the court will protect by its writ of injunction, and that complainant's remedy, if any she has, is by an action at law for the recovery of her damages.

To the extent of the proposed occupation of the surface of First Avenue West lying to the east of its cen-

ter line, defendant's insistence is clearly sustained by the case of *New & Old Decatur Belt & Terminal R. R. Co. v. Karcher,* 112 Ala. 676, 21 South. 825. If it be that section 227 of the Constitution, reading as follows: "Any person, firm, association, or corporation, who may construct or operate any public utility along or across the public streets of any city, town, or village, under any privilege or franchise permitting such construction or operation, shall be liable to abutting proprietors for the actual damage done to the abutting property on account of such construction or operation"—a provision which first appeared in the Constitution of 1901, and is entirely apart from those provisions which regulate the exercise of the right of eminent domain—if it be that this section of the Constitution intends to secure, or perhaps only to clarify, in abutting proprietors the right to recover consequential damages actually suffered in cases where they have no estate in the soil of a highway taken by a public utility, the right is not connected with the subject of eminent domain and, apart from special circumstances of which there is no intimation in this bill, must be enforced by customary legal remedies.

But we read the bill as complaining only of the invasion of the west side of the avenue in front of complainant's property. In the soil of that part of the avenue, complainant has the ultimate fee, and the equity of her bill, as against defendant's improper exercise of the power of eminent domain, must be sustained. Without regard to the provisions of article 2 of chapter 142 of the Code, regulating the registration of town lot surveys, and prescribing the effect of conveyances made with reference to such surveys, indeed, in advance of that statute, it was the settled law of this state that when a landowner lays out his land into lots and

streets, with a view to establishing a town, a sale of lots with reference to the plat or map, as was the case here, is. a complete and irrevocable dedication of the streets to the use of the purchasers and the public in the ordinary way of travel, vesting in the purchaser and his successors in title the ultimate fee to the center of the street unless there is a clear reservation of the fee in the grantor, and divesting the owner of any right to pervert the use or impose additional servitude.—*Evans v. Savannah & Western Ry. Co.,* 90 Ala. 54, 7 South. 758. And the conveyance of a town lot bounded by a public street presumptively carries with it the fee to the center of the street as part and parcel of the grant. —*Southern Bell Telephone Co. v. Francis,* 109 Ala. 224, 19 South. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930, and cases there cited. These familiar principles, in connection with the constitutional limitations ·upon the exercise of the right of eminent domain, sufficiently demonstrate the equity of this bill and· the correctness of the chancellor's decree.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur.