(77 South. 350)

SUDDUTH v. CENTRAL OF GEORGIA RY. CO. (5 Div. 685.)

(Supreme Court of Alabama. Dec. 20, 1917.)

1. EMINENT DOMAIN ⚖=271—TITLE TO SUPPORT ACTION.

The plaintiff, to recover under trespass for the laying of tracks by defendant railway, must show either constructive or actual prior possession of the land whereon tracks were laid, and where he claimed constructive possession through his fee to the street, subject to public use because of ownership and possession of adjoining lots, and it appeared from evidence that all defendant did was done on the half of street opposite and not attingent to plaintiff's property, the showing was insufficient.

2. EMINENT DOMAIN ⚖=293(1)—THEORY OF COMPLAINT.

Counts charging that tracks were wrongfully laid, and not that they were laid under franchise, are not under Const. 1901, § 227, but must proceed under section 235, or upon the theory of a wrongful obstruction of the street amounting to a public nuisance.

3. TRIAL ⚖=234(3) — INSTRUCTIONS—MISLEADING.

A charge which, having the necessary hypothesis as to believing evidence, is coupled with a peremptory instruction that "it only remains for you to assess his damages," not preceded by the condition, is misleading, and was properly refused.

4. PLEADING ⚖=93(4) — ANSWER — DIFFERENT DEFENSES.

Under Code 1907, § 5331, permitting defendant to file a plea of the statute of limitations, notwithstanding it had pleaded the general issue, was not error.

5. APPEAL AND ERROR ⚖=730(2)—ASSIGNMENT—DUTY TO SPECIFY.

An assignment of error, stating that "the court erred in refusing to give each and every one of the written charges requested by plaintiff," not specifying any particular one of the twelve refused, is not sufficiently definite to warrant consideration of refused charges.

6. APPEAL AND ERROR ⚖=699(2)—RECORD—ORAL CHARGE.

Under Acts 1915, p. 815, the oral charge to the jury must be taken down by the reporter, and it was the duty of the clerk to incorporate it in the record, and unless appellant, seeking reversal, takes proper steps to get it before the court, it will not be considered.

7. EVIDENCE ⚖=372(10) — DOCUMENTARY EVIDENCE—RECORD.

The trial court did not err in overruling plaintiff's objections to the record copy of a deed nearly 80 years old, which was not in defendant's possession and had been attested by two witnesses, probated, and proven.

8. HUSBAND AND WIFE ⚖=15(1)—VALIDITY OF DEED—HOMESTEAD EXEMPTION—STATUTE.

The objection that a deed was not signed and separately acknowledged by the wife, where it was made long before the homestead exemption law was adopted, has no merit.

9. EVIDENCE ⚖=358, 505—EXPERTS—MAPS.

It was not error to admit a map, and testimony of an expert, offered in a fair effort to show the location and surroundings of the track complained of.

Appeal from Circuit Court, Lee County; Lum Duke, Judge.

Action by C. J. Sudduth against the Central of Georgia Railway Company in trespass and on the case. Judgment for defendant, and plaintiff appeals. Affirmed.

James C. Phelps, of Scottsboro, for appellant. Barnes & Walker, of Opelika, for appellee.

ANDERSON, C. J. This is the second appeal in this case. 73 South. 28.[1] Upon the second trial the case was tried upon counts 7, 8, 9, and 10, and which were added after the first trial, and after the reversal of the cause upon the former appeal. Count 7 is for trespass, while counts 8, 9, and 10 are in case.

[1] The plaintiff, in order to have recovered under the trespass count, had to show a prior possession of the land upon which the side track was laid, actual or constructive. There was no proof of an actual possession by the plaintiff, though he contends that he had the constructive possession under his title; that is, the fee to the street,

subject to the use of same by the public. It may be conceded, but which we do not decide, that if the plaintiff had the title to the entire street he could maintain trespass as against a mere wrongdoer, although the street had been dedicated as a public highway. L. & N. R. R. Co. v. Higginbotham, 153 Ala. 334, 44 South. 872. But we cannot say, as matter of law, that the plaintiff was, under the evidence offered by him as to his title and possession, entitled to the general charge, under count 7, even if the defendant was a wrongdoer. In the first place, there was evidence from which the jury could infer that all the defendant did was upon that half of the street opposite, and not attingent, to the plaintiff's property. We do not think that the plaintiff's proof of title gave the fee to the entire street, and, at most, it did not go beyond the center of same. North Ala. R. R. Co. v. Davis, 185 Ala. 193, 64 South. 606; So. Bell Tel. Co. v. Francis, 109 Ala. 224, 19 South. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930; City of Demopolis v. Webb, 87 Ala. 659, 6 South. 408.

[2] Counts 8, 9, and 10 do not seem to proceed under section 227 of the Constitution of 1901, as they charge that the track was wrongfully laid, and not that it was laid under a privilege or franchise permitting such construction or operation. They therefore proceed either under section 235 of the Constitution, or upon the theory that the thing done was a wrongful obstruction, and amounted to a public nuisance in obstructing Front or Clanton street. They also set up that the ingress and egress of plaintiff to and from his home and brickyard was prevented or greatly interfered with, and it may be that they charge an injury different in kind from that suffered by the public generally. A. G. S. R. R. Co. v. Barclay, 178 Ala. 124, 59 South. 169. Though this is a question we are not called upon to decide, and may assume the sufficiency of said counts, as the trial court held them sufficient and not subject to demurrer, it is sufficient to say that the trial court did not err in refusing the plaintiff the general charge as to these counts. In the first place, it was for the jury to determine whether or not plaintiff sustained special damage, different from that suffered by the public generally; and, as the plea of the statute of limitations was in, the jury could have found that the act of obstructing the street was barred, and that the subsequent maintenance of the sidetrack was not a new or continuing wrong, so as to damage the plaintiff specially. Whaley v. Wilson, 112 Ala. 627, 20 South. 922; Code 1907, § 4840. In other words, there was proof that when the siding was first placed along the street it interfered with travel, but that it was very soon remedied. The trial court did not, therefore, err in refusing the general charge for the plaintiff upon any one of the counts, or as to the entire complaint. The statute of limitations was a good defense, if the complaint proceeded under section 235 of the Constitution, or was merely for the creation and maintenance of a nuisance. The gravamen of the action of the count or counts which attempted to invoke this section was for the erection or construction of the sidetrack, and not for the maintenance of same. Hamilton v. Ala. Co., 195 Ala. 438, 70 South. 737.

[3] Moreover, we are not prepared to say that the trial court could be reversed for refusing charge 1, requested by the plaintiff, and which was intended as the general charge, as it is perhaps bad in form. While it has the hypothesis as to believing the evidence, it is coupled up with a peremptory instruction that "it only remains for you to assess his damages." This at least rendered it misleading, not being preceded by the condition that if the jury should find for the plaintiff.

[4] There was no error in permitting the defendant to file the plea of the statute of limitations, notwithstanding it had pleaded the general issue. Code 1907, § 5331. Moreover, the record discloses no objection and exception to the filing of same.

[5] Assignment of error is not sufficiently specific to warrant the consideration of charges refused the plaintiff. It says:

"The court erred in refusing to give each and every one of the written charges requested by the plaintiff."

We find that twelve written charges were requested and refused, and the assignment of error or the brief of counsel do not specify any particular one to be passed upon by this court. Ashford v. Ashford, 136 Ala. 631, 34 South. 10, 96 Am. St. Rep. 82.

[6] Counsel for appellant contend that the oral charge of the court did not sufficiently discuss and cover the legal questions involved in the case, and did not fully set forth certain legal principles favorable to the plaintiff. If the oral charge was not as full and instructive as plaintiff's counsel desired, he could have requested the giving of written charges elucidating and explaining his theory of the case from a legal standpoint and urged error on the part of the court in refusing same; but we do not, as a rule, pass on things the trial court did not say in the oral charge. Williams v. State, 147 Ala. 10, 41 South. 992. Moreover, the oral charge is not before us, and was not set out in the record, as required by Acts 1915, p. 815. If the general charge of the court was delivered and taken down by the court reporter as the statute directs, it was the duty of the clerk to incorporate it in the record sent to this court; but an appellant who seeks to reverse on account of the general oral charge should see that proper steps are taken to get it before the court before a submission of the cause.

[7] The trial court did not err in overruling the appellant's objections to the record copy of the deed from Bennett to the Mont-

gomery Railroad. It was not in the possession of the defendant and its whereabouts was unknown. It was an ancient document, nearly 80 years old. Alexander v. Wheeler, 78 Ala. 167; Beard v. Ryan, 78 Ala. 37, and other cases noted in 3 Mayf. Dig. p. 527. Moreover, it was attested by two witnesses and probated and proven by one of them before a legal officer.

[8] The objection that it was not signed by the wife and separately acknowledged is of no merit. In the first place, it would be incumbent upon the objector to show that the grantor was a married man and that the land conveyed was a part of the homestead. As a matter of law, however, the deed was made in 1838, long before our homestead exemption law and the method of conveying the homestead was adopted. Miller v. Marx, 55 Ala. 322.

[9] The trial court did not err in admitting the Winter map and his testimony in connection therewith. He was an expert, and the map in connection with his testimony was but a fair and legitimate effort on the part of the defendant to show the location and surroundings of the sidetrack and street which was an issue in the case.

We have considered all the assignments of error which have been properly assigned and insisted upon in brief of counsel, and it will serve no good purpose to discuss all of them. It is sufficient to say that we find no reversible error in the record, and the judgment of the Circuit Court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.