35 So.2d 503

**BIRMINGHAM REALTY CO. v. BIRMING-
HAM BELT R. CO.**

**6 Div. 712.**

Supreme Court of Alabama.

May 20, 1948.

Smyer & Smyer, of Birmingham, for appellant.

· Cabaniss & Johnston and Lucien D. Gardner, Jr., all of Birmingham, for appellee.

FOSTER, Justice.

In this case appellee is seeking to avail itself of what is conceived to be its right under a deed of September 14, 1887, executed by the Elyton Land Company to The Highland Avenue and Belt Railroad Company, with respect to an easement there granted of a strip of land 26 feet wide in "10th Avenue North from 32nd St. to near 15th St.", "also the right-of-way across any of said streets and avenues hereinabove mentioned to reach any industrial enterprise or establishment or any warehouse that may be located thereon."

Appellant has succeeded to the right of Elyton Land Company on the north side of 10th Avenue North at the northwest corner of the intersection of said 10th Avenue and 17th Street, consisting of certain portions of lots six, seven and eight in Block 626, extending 300 feet along said avenue. Appellee has succeeded to the right of Highland Avenue and Belt Railroad Company under said deed. Appellant has a tenant on this property whose structures do not extend to the property line on 10th Avenue, but are located further north, and are served largely from the 17th Street side.

At the time of the execution of said deed the grantee was solely owned by the grantor, both were corporations.

The feature of the easement above described as being 26 feet wide along 10th Avenue North at the location stated above, has been occupied for its full width for a long time, and is not involved in the instant controversy. In the 26 foot area of the street adjacent to appellant's property,

above mentioned, there are at present two railroad tracks. The southermost track is one of appellee's and known as its "main lead." There are various industrial spurs which lead off from those two "lead" tracks to serve enterprises along the north side of said 10th Avenue North, from 16th Street extending east. Tenth Avenue at this location is not paved. Seventeenth Street is paved. Among the enterprises is the Western Grain Company plant, which processes grain, and is located in the northeast corner of the intersection of 10th Avenue North and 17th Street, and is directly across 17th Street from said property of appellant.

There is at present a spur track extending into the property of the Western Grain Company from the "lead" track of the Seaboard at a point about 322 feet east of the intersection of 10th and 17th, supra. It is claimed that the business of Western Grain Company has been so greatly enlarged as that said spur is not sufficient at the present time, but its business and that of appellee would be greatly benefited by constructing two more spurs into said plant. One would extend from the "lead" track of appellee, east of and parallel with that now existing into said plant. As to that proposal there is no controversy. Another would extend from the Seaboard "main lead" at a point 61.5 feet west of the west line of the intersection of 10th Avenue and 17th Street in front of the property of appellant, above described, and extend in a northeastwardly direction in 10th Avenue across the intersection with 17th Street, until it reaches the west property line of the Western Grain Company, and it will then straighten out extending along 10th Avenue parallel with the present tracks, for such distances as will allow four cars to be spotted, which would be in front of the facilities of Western Grain Company for loading and unloading, and with the northernmost rail 10.35 feet from the property line of Western Grain Company. Objection is made by appellant to the construction and use of the street in front of its said property and at the crossing for the purposes of said spur. In appellant's brief the questions for decision on this appeal are thus stated:

"1. Whether or not appellee has the right to construct the proposed spur railroad track to serve Western Grain Company, an alleged industrial enterprise, located on the northerly side of 10th Avenue North and between 17th and 18th Streets in said city.

"2. Whether or not said proposed spur railroad track will constitute an additional burden or servitude upon said real property of appellant.

"3. Whether or not appellant is entitled to damages for injury to, or compensation for any taking, injury or destruction of said real property that may result from the construction and maintenance of said spur railroad track and from the operation of said railroad on the same."

In the solution of those questions, the parties conceded many matters which are not therefore contested. One is that the right of appellee to construct and use that part of 10th Avenue North for a spur as contemplated, is controlled by the deed of September 14, 1887, supra. This area is at present in the city of Birmingham, which has given its consent to the proposed use as required by section 220, Constitution, and sections 72 and 79, Title 10, Code. Both parties are subject to the provisions of the deed. Without the authority, so conferred, the proposal would create an additional servitude not included in the dedication of 10th Avenue for street purposes. South & N. A. R. R. v. Davis, 185 Ala. 193, 64 So. 606; City of Troy v. Watkins, 201 Ala. 274, 78 So. 50.

With respect to the three questions pressed in appellant's brief, which we have quoted, it seems to us that only the one question of whether appellee has the right under the deed of September 14, 1887, to construct and use the spur, is all that need be answered. For if appellee has that right under the deed, it would be immaterial that without it the proposal would create an additional servitude, and with the right so conferred appellee would not be liable in damages to appellant for so doing.

Appellant does not contend that appellee may not have the benefit of any right conferred by the deed, if now existing and

if exercised in a way that will not be injurious to the use and value of its property on the north side of 10th Avenue. Appellant's predecessor owned a large area in that vicinity, then unincorporated at the time the deed was made, and was thereby dividing its business activities. It had laid off the streets and dedicated them: of course reserving the fee to the center of the street as an appurtenant to lots on each side. Tenth Avenue North was and is 56 feet wide from proposed curb to curb, and 80 feet from property line to property line. Appellant contends that such use of the street as claimed would permit appellee to use the entire width of it, provided only that it be for a spur to serve industries.

We do not think that such would be the consequences of holding that appellee has a right under the deed to locate and use the spur as contemplated. The deed prescribes only one limitation on the location and use of the spur in 10th Avenue. It must be for the purpose of serving industrial enterprises. This involves two conceptions. One is that in constructing and locating a spur for that purpose, it should not arbitrarily disregard the right and convenience of others in using the street. The other is that the right is claimed to be perpetual and extends to industries which may at any time after the execution of the deed be so circumstanced as to need the benefit of a spur, as well as those then existing.

The only effect of such a grant is to confer on appellee an additional right of servitude not included in the original dedication, effective against the owner of appellant's lots six, seven and eight, supra, to be exercised subject to constitutional and statutory limitations. Its use, which is an additional servitude by a public utility, is subject to the right of the public now represented by the city to veto it under section 220 of the Constitution of Alabama and sections 72 and 79, Title 10, of the Code, and to the claim of the owner of the adjacent lot in the fee to the center of the street, to enjoin such additional servitude if it is without his consent and without condemnation under eminent domain. South & N. A. R. R. v. Davis, supra.

Our inquiry here is with reference to the claim of adjacent property owners whose predecessor created an easement running with the land, which is a consent to such use. We are not prepared to say that a grant such as the one here made confers a right to be exercised at the mere convenience or wishes of the grantee without regarding its effect on the grantor (and his successors), and the use of his adjoining property. When a conveyance of a right-of-way does not describe or define it by metes and bounds the grantee is entitled to a convenient, reasonable and accessible way, dependent upon the condition of the place and the purpose for which it was intended and the nature of the acts of those having the right of user, and reasonable as respects the rights of the grantor, as well as the grantee. 28 Corpus Juris Secundum 760, Easements, § 80; 19 Corpus Juris 971, notes 43 to 46; Ellard v. Goodall, 203 Ala. 476, 83 So. 568; Looney v. Blackwood, 224 Ala. 342, 140 So. 400; Long v. Gill, 80 Ala. 408.

We do not think that the effect of the decree which approves the construction of the spur in question can be construed as meaning that the grantee has any greater right under this grant than is within the principle stated above, but we think that it does not conflict with it.

It is clear that the area in question is industrial to a large extent. There is no sidewalk or curb constructed along the north side of 10th Avenue between 16th and 17th Streets, abutting appellant's property. The nearest rail to appellant's property line when the spur is completed is 22 feet, and approximately 10 feet from the projected curb line. The grade levels of the track and its rails and crossties are subject to the control of the city. Section 648, Title 37, Code. The rails and cross-ties are required by the resolution of the city to be so placed as to minimize the inconvenience, if any, to appellant, and to be placed in accordance with the grades then or thereafter established.

Since the appellant, as the present owner of said property, is subject to the grant to appellee, the construction and use of the spur consistently with the grant relieves such use from the imputation of be-

ing an additional servitude insofar as appellant is concerned, and therefore appellant as such adjoining property owner is subject to such inconvenience in using his property as reasonably results from the spur placed and operated under said grant with due regard to his rights, and by permission of the city. Birmingham Ry., Light & Power Co. v. Smyer, 181 Ala. 121, 61 So. 354, 47 L.R.A.,N.S., 597, Ann.Cas. 1915C, 863.

Two separate tribunals in considering the question of whether the proposed spur is a reasonable exercise of the easement included in the grant, have in effect held that it is such. The city in approving the proposal would probably not have done so except upon such a finding. The trial court in this case with the witnesses before him also made a similar finding, presumably to justify his decree.

The permit by the city is revocable by it on six months' notice, and requires the construction and maintenance of the spur to be so as to impede as little as possible travel along and across the streets, and to be located in accordance with grades established then or thereafter.

It thus appears that every precaution has been taken to protect appellant against the unnecessary and arbitrary location and use of the spur. Under the ordinance of the city approving it, on a showing made to the city of its improper use or conditions subsequently occurring which would justify a claim that it should be abandoned, the city probably would, as it is empowered to do, revoke its approval and force removal of the spur, or cause a change of conditions more favorable to appellant.

The deed of September 14, 1887, by a corporation to its subsidiary was evidently intended to promote the interest of each. The area was not then in the city of Birmingham. But the grantor was largely instrumental in promoting and extending the city. Its interest was in creating a demand for its building lots by creating business largely from industrial enterprises. The development was in its early stages. The more new industries were located in the area, the better the plans of the grantor were promoted. The easement for a spur to serve any "industrial enterprise or establishment or any warehouse that may be located thereon," we think under the circumstances looks to the future construction of them as well as those then existing. The grantor was certainly not intending to handicap its subsidiary and confine its operations within narrow limits.

We think the decree was without error, and it is affirmed.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.