(115 So. 165)

**THETFORD v. TOWN OF CLOVERDALE et al.  (3 Div. 824.)**

Supreme Court of Alabama.  Dec. 22, 1927.

Rehearing Denied Jan. 28, 1928.

**1. Injunction ⟊136(1)—To support temporary injunction to preserve property rights, court must find plaintiff has fair question to raise and that balance of convenience justifies interim interference.**

To support temporary injunction to preserve status quo of property rights, court must satisfy itself, not that plaintiff has certainly a right, but that he has a fair question to raise as to existence of a right, and that the balance of convenience justifies interim interference.

**2. Dedication ⟊63(3)—Bill to vacate part of dedicated street, alleging complainant and another owned abutting property and that portion designated had never been used as street held insufficient.**

Bill to vacate part of dedicated street, alleging that complainant and another owned all abutting property, that portion designated had never been improved, that numerous trees and shrubs were standing on it, that it was unfit for a street and had never been used as a street, that owners of other lots had access to other streets, and that the other abutting owner was willing that the designated portion of the street be vacated, held lacking in equity; Code 1923, § 10365, providing that circuit courts might vacate streets on application of abutting landowners, being inapplicable.

**3. Dedication ⟊53—Purchasers of lots shown on map of town could have dedicated street maintained as against abutting owners.**

Purchasers of lots shown on recorded map of town held to have right as against owners of property abutting a certain street, which had been dedicated to the public, to have the street maintained as it existed at the time of their purchase.

**4. Municipal corporations ⟊658—Municipality holds streets for public, and cannot divert them from uses to which they were dedicated.**

Municipality holds title to streets in trust for public, and, in absence of legislative authority, cannot appropriate them to benefit of private persons or divert them from uses to which they were originally dedicated.

**5. Dedication ⟊57—That property owners had access to other streets held not to defeat right to have dedicated street maintained.**

That owners of property abutting certain street had access to other streets from their lots held not to defeat their right to have the dedicated street maintained in its entirety as at the time when they purchased their lots.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill in equity by Margaret D. Thetford against the Town of Cloverdale and others, to vacate and annul a part of a street, with supplemental bill for temporary injunction restraining the municipal authorities from proceeding to build the street. From a decree dissolving the temporary injunction, complainant appeals. Affirmed.

The averments of the original bill upon which complainant relied for a decree of vacation are found in paragraph 5 of the bill, as follows:

"That said southeastern 128.8 feet of said Cottage place" (it is alleged that complainant and the respondent Jones own all of the real property which abuts that part of the street in question which begins at Ridge avenue and extends a distance of 128.8 feet following the curves of said street) "has never been improved. That standing on it are numerous trees and shrubs. That in its present condition it is totally unfit for use as a street or road. That it has not been used as a street or road at any time since the filing of the plat first above mentioned, and that, so far as oratrix knows or is advised, it has never been used as a road or street. That sundry lots, according to said plats above mentioned, have been sold to sundry parties. That none of the owners of any of the lots which are shown by either of said maps has any need for the above-mentioned part of said Cottage place. That, without exception, all of the property owners owning property in the tract of land embraced in said maps have convenient means of ingress and egress to and from their property by the remaining streets and alleys dedicated

by said maps. That the said Annie M. Dimmick Jones has expressed a willingness that the said southeast 128.8 feet of said Cottage place be annulled and vacated."

William F. Thetford, Jr., of Montgomery, for appellant.

A bill to stay waste, pending suit, has equity. Wadsworth v. Goree, 96 Ala. 227, 10 So. 848; Chappell v. Roberts, 140 Ala. 324, 37 So. 241. The court is not required to pass on the merits of the case; it is enough if it be satisfied that complainant has presented a fair question of a right about to be violated. Coxe v. Huntsville, etc., Co., 129 Ala. 496, 29 So. 867. The bill in the vacation suit shows a fair question. Code 1923, §§ 10365, 10366. The court will balance probable injury of dissolving or retaining an injunction. Harrison v. Yerby, 87 Ala. 185, 6 So. 3; P. & M. Bank v. Laucheimer, 102 Ala. 454, 14 So. 776. Owners of lots shown by a statutory map acquire no greater rights in streets than in streets dedicated under the common law. Cloverdale Homes v. Cloverdale, 182 Ala. 419, 62 So. 712, 47 L. R. A. (N. S.) 607. The Legislature has supreme power over streets. Only attingent owners have any rights in streets. Albes v. Southern Ry. Co., 164 Ala. 356, 51 So. 327. The Legislature may authorize a city or the courts to vacate streets. State v. L. & N. R. Co., 158 Ala. 208, 48 So. 391; In re Albers, 113 Mich. 640, 71 N. W. 1110; Case v. Frey, 24 Mich. 251; Hughes v. Beggs, 114 Ind. 427, 16 N. E. 817.

Eugene Ballard, Rushton, Crenshaw & Rushton and Steiner, Crum & Weil, all of Montgomery, for appellees.

Each purchaser of a lot according to a map or plat recorded under the statute takes an interest in fee in all the streets designated on such map or plat. The statute under which the suit is brought would be unconstitutional if construed to deprive the owner of a lot of his property without just compensation. The bill is wholly without equity. Rudolph v. Birmingham, 188 Ala. 628, 65 So. 1006; L. & N. R. Co. v. Mauter, 203 Ala. 237, 82 So. 487; Highland R. Co. v. Avondale L. Co., 174 Ala. 326, 56 So. 716; Smith v. Birmingham R. Co., 208 Ala. 114, 94 So. 117; Stack v. Tenn. L. Co., 209 Ala. 451, 96 So. 355; Lehmann v. Board of Pub. Accy., 208 Ala. 185, 94 So. 96.

SAYRE, J. By her bill in this cause, appellant sought a decree vacating and annulling a part of a street known as Cottage place, and shown by the original map of the town of Cloverdale. Since the filing of the bill and since the appeal in this cause, the town has been by act of the Legislature incorporated into the city of Montgomery, which has been substituted as party defendant. Other defendants, appellees, are the owners of the lots attingent upon the street. Appellant would vacate 128.8 feet of the street which lies between her lot and the opposite lot of Annie M. Dimmick Jones, who interposes no objection. Other individual appellees own all the other lots attingent upon the street, which is a short one, running from Ridge avenue on the southeast to Park avenue on the northwest and, roughly speaking, parallel with Cloverdale road approximately 500 feet away. Pending the original bill, appellant filed a supplemental bill averring that the town authorities were about to open the street for passage, involving the destruction of trees, shrubs, and flowers thereon, and procured an interlocutory injunction. That injunction was subsequently dissolved, and from that decree this appeal is prosecuted.

[1] In order to support an injunction for the purpose of preserving the status quo of property rights, where a substantial question is to be decided between the parties, there are, according to the authorities, two points as to which the court must satisfy itself:

"First, it must satisfy itself, not that the plaintiff has certainly a right, but that he has a fair question to raise as to the existence of such a right. The other is whether interim interference, on a balance of convenience or inconvenience to the one party and to the other, is or is not expedient." Coxe v. Huntsville Gaslight Co., 129 Ala. 501, 29 So. 867, 869, where cases are cited.

[2] Following the plan of procedure thus indicated, we come to consider the equity of appellant's original bill. The bill, in our judgment, is wholly lacking in equity, and, such being the case, there is no balance of convenience or inconvenience to be considered.

Appellant plants her case on section 10365 of the Code. There is no occasion to deny that the section may be operative in any circumstances. It may, for example, be invoked in the circumstances indicated by section 10360 of the Code, notwithstanding the acknowledgment and recording of the map or plat as declared by the next preceding section (section 10359) to be the equivalent of a conveyance in fee simple to such parts of the platted premises as are indicated on the plat as intended for street or other public use, or possibly in other conditions; but we are clear to the conclusion that, in the conditions shown by the original bill and exhibits in this case, the section in question (section 10365) can have no operation whatever and that appellant has no rights to be preserved by an injunction ad interim.

[3] Appellant shows no presently available right in the area known as Cottage place. That street has been dedicated to the use of the public as a highway by its former owner, and, whether the public right thus acquired be that of an owner in fee simple (Code, § 10364) or that of an owner of an easement (Cloverdale Homes v. Cloverdale, 182 Ala. 419, 62 So. 712, 47 L. R. A. [N. S.] 607), that right is paramount and extends to

every part of the street, "from side to side, and from end to end." Any private right of abutting owners is entirely and completely subordinate to the public right, and any invasion of the street in the way of private use can be justified only on the ground of necessity. Cloverdale Homes v. Cloverdale, supra. Every purchaser of a lot shown on the recorded map of Cloverdale has the right, as against the dedicator and his privies (i. e., the purchasers of other lots) to have the designated scheme of public ways and places maintained in its integrity, as it existed at the time of his purchase and that all persons whatsoever may use them as occasion may require. Highland Realty Co. v. Avondale Land Co., 174 Ala. 326, 56 So. 716; Smith v. Birmingham Realty Co., 208 Ala. 114, 94 So. 117; Stack v. Tennessee Land Co., 209 Ala. 449, 96 So. 355. Quoting the language of McClellan, J., in Webb v. Demopolis, 95 Ala. 116, 13 So. 289, 21 L. R. A. 62:

"Every line of the survey which served to mark those parts of the site which were intended to be reserved from sale for the use of the public became unalterably fixed—dedicated to the public for all time."

[4, 5] This we think is not to deny that the Legislature, representing the sovereign people, may provide for the vacation of public streets, due regard being had for the rights of the purchasers of lots, whether immediately on the street vacated or on other streets designated on the plat or map. Albes v. Southern R. Co., 164 Ala. 356, 51 So. 327. The interest of the purchasers of lots more or less remote from the street in question may be more or less theoretical, depending on circumstances; but there can be no doubt that the owners of lots immediately on the street have an interest in it which demands protection against the efforts of another attingent owner who desires to vacate the street for no better reason than that his individual interest or pleasure so suggests. Nor does it help appellant's case that the owner of property directly across the street and attingent upon that part of the street which appellant desires to have vacated interposes no objection. If the opposite property owner had joined appellant in her bill, the two of them, no more than one of them, would, in our opinion, have no right to close the street against other attingent owners or other owners of lots in the plat in which the street is laid out. And, if the municipal authorities had undertaken, without legislative authority, to close the street, the court would interfere to prevent that effort—this, because the municipality holds the title to streets in trust for the public, and, in the absence of explicit legislative authority, can have no right to appropriate them to the use and benefit of private persons or in any way divert them from the uses to which they were originally dedicated. State ex rel. Attorney General v. Louisville & Nashville R. Co., 158 Ala. 208, 48 So. 391; City of Troy v. Watkins, 201 Ala. 274, 78 So. 50. Nor is it necessary to deny that, within the limitations indicated, the power to legislate for the closing of streets may be delegated to municipal authorities, for, in this case, as we have before noted, the municipality is actively opposing appellant's bill along with other property owners attingent upon the street in question. Nor is it of any consequence that all attingent owners other than appellant have access to other streets from their lots. Their lots were purchased with the covenant implied by the plat or map that they should have more than one way of access —in this case, as the record shows, access from streets in front and rear—and it does not lie in the mouth of appellant to say that they should now be satisfied with one way only.

If it be conceded, for the argument only, that the court may interpose, in any circumstances other than those indicated in section 10360 of the Code to vacate a public street —and it will be noted that in a case under that section the court does not adjudicate (i. e., decide between conflicting claims) but in effect merely supervises and records what the parties in interest, with legislative consent, might as well do for themselves—we are clear to the conclusion that, on the facts averred in the present bill, no just cause or authority for such interposition has been shown, and that no order for the vacation of the street or to enjoin the municipal authorities, who are about to prepare the street for public use, should be made.

The decree dissolving the temporary injunction is affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.