This is an appeal from a summary judgment granted Montrose Cemetery Association setting aside the declaration of vacation of certain portions of streets in the Montrose subdivision of Baldwin County. We affirm. On April 28, 1978, Barry Booth and the other defendants below, each of whom owns property abutting portions of Chapman, Taylor, Ledyard, and Third Streets in Montrose, filed in the Office of the Probate Judge of Baldwin County a declaration of vacation pursuant to § 35-2-54, Code 1975, vacating the portions of those platted streets abutting their property. Montrose Cemetery Association, owner of Block 23 and Lot 3 of Block 3, filed suit to set aside the vacation. Montrose was granted a summary judgment that was later set aside because the hearing and ten-day service requirements of ARCP 56 (c) were not met. Montrose then filed a second motion for summary judgment and supporting affidavits indicating that the vacated portions of Chapman, Taylor, Ledyard, and Third Streets had been used as public roads. Booth and the other defendants filed affidavits in opposition to the motion, asserting that the vacated streets were not now, and never had been, used as public thoroughfares.
After hearing arguments, the trial court found that Montrose was not within the boundary of any municipality in Baldwin County and the assent of the Baldwin County Commission to the vacation had not *Page 776 
been procured; that the Cemetery Association had acquired an easement appurtenant in the streets of Montrose which could not be divested by the unilateral action of the defendants; and that there was no genuine issue of material fact involved in the case. Thus, the trial judge set aside the declaration of vacation and enjoining interference with the use of the streets to be vacated. From the denial of the defendants' ARCP 59 motion, Barry Booth appeals.
Both asserted errors are appropriately posed in the summary judgment posture of the final order appealed from:
(1) The validity of the trial court's initial ground for setting aside the declaration of vacation-lack of consent of the Baldwin County commission-rested on a factual question of whether the portions of the streets involved were being, or had ever been, used as public roads; and
(2) The trial court's invalidation of the declaration of vacation foreclosed genuine issues of fact relating to "reasonable access" and "remoteness."
We agree in part with Booth's first contention. It is true that § 35-2-54, the statute here invoked, distinguishes between those dedicated public streets "within the limits of any municipality" and those "outside of any municipality," the latter requiring "assent of the county commission" only "[i]f such street or alley has been or is being used as a public road." The statute requires "assent of the . . . governing body of the municipality" if the proposed vacation of a dedicated street or alley is "within the limits of any municipality" without regard to its present or past use.
While neither the statute nor case law sheds any light on the basis for this distinction, we surmise that policy considerations regarding the normal differential in density of population prompted the legislature to vest in cities a greater interest in dedicated public ways. At any rate, even if this were the only ground asserted by the trial court for its summary judgment, we would not be compelled to reverse; and this for the reason that, though the county's requisite assent is dependent upon the use of the streets in question, whether these streets are, or have been, used as public streets is not a genuine issue of material fact. It is immaterial, except for the statutory requisite assent of the county to vacate its dedication, whether a dedicated public way is used, or has been constructed or used, as a public street. Stack v. TennesseeLand Co., 209 Ala. 449, 96 So. 355 (1923).
Consequently, although the trial court erred in granting summary judgment adversely to declarant on the ground of the lack of assent of the county (there being an issue of fact as to the use of the streets in question), Booth could not prevail, as a matter of law, on the ultimate issue of whether these streets are, or have been, used as public streets.
In other words, this factual issue of public use speaks only to the necessity vel non of obtaining the county's assent to the declaration of vacation and not to the propriety of the trial court's final determination that no genuine issue of material fact is presented on the instant question of Booth's right to unilaterally close the subject streets. Stack mandates that the result would be the same even assuming the county's assent had been sought and obtained or even assuming Booth's evidence of nonuse of the streets by the public had been uncontroverted.
We now turn to the "reasonable access" and "remoteness" issues. Because a recent influx of cases, invoking § 35-2-54, evidences a common misunderstanding of this vacation statute's limited field of operation in the context of a constitutional attack by a nonassenting owner, we restate the salient legal principles that govern the disposition of these cases.
Case law in this State reflects that the statute authorizing a platted street to be vacated by "the owner or owners of the lands abutting the street," is interpreted to protect the interests of other property owners in the subdivision, who may not necessarily own property abutting the street or portions thereof sought to be vacated. Every purchaser of a lot shown on the recorded *Page 777 
map of the subdivision has the right, as against the dedicator of the streets and the purchasers of the other lots, to have the designated scheme of public thoroughfares maintained in its integrity, as it existed when he purchased the property, and all persons whosoever may use these public ways as the occasion requires. Whitten v. Ferster, 384 So.2d 88
(Ala. 1980); Thetford v. Town of Cloverdale, 217 Ala. 241,115 So. 165 (1927); Highland Realty Co. v. Avondale Lane Co.,174 Ala. 326, 56 So. 716 (1911); East Birmingham Realty Co. v.Birmingham Machine Foundry Co., 100 Ala. 461, 49 So. 448
(1909).[1]
The vacation statute is in derogation of the common law prohibition against the vacation of public ways and is interpreted by the Court, as mandated by constitutional due process standards, to protect the property interests of nonconsenting property owners affected by the proposed vacation, subject only to the rule of remoteness. Gwin v.Bristol Steel Iron Works, Inc., 366 So.2d 692 (Ala. 1978). The remoteness limitation is also mentioned by the Thetford
Court, where, in discussing the rights of the property owners adjacent to the street sought to be vacated, it states, "The interest of the purchasers of lots more or less remote from the street in question may be more or less theoretical, depending on circumstances."
This limitation on a nonadjacent property owner's capacity to oppose and set side a declaration of vacation has not been directly addressed by our decisions; nor are we called upon here to set the precise limits of its field of operation. Where, as here, Montrose Cemetery currently owns lots in the subdivision in the immediate proximity to the street sought to be closed, no fact question can possibly be presented to invoke the rule of remoteness. This Court's decision establishing more exact standards for the operative effect of this rule should await the appropriate case.
Booth insists that the statutory language, "Convenient means of ingress and egress to and from their property shall be afforded to all other property owners owning property in the tract of land . . .," renders "reasonable access" a material factual issue. This point was also spoken to in Gwin, relying on Thetford, in which Mr. Justice Sayre said that "it does not lie in the mouth of [declarant] to say that [other attingent owners] should now be satisfied with one way only."
Finding no genuine issue of material fact presented under either the "remoteness" or "reasonable access" rules, we find no error to reverse.
AFFIRMED.
MADDOX, JONES, ALMON, EMBRY and BEATTY, JJ., concur.
TORBERT, C.J., concurs in the result.
FAULKNER, J., dissents.
BLOODWORTH, J., not sitting.
SHORES, J., recuses herself.
[1] In the recent case of Daniel v. Evans, 384 So.2d 88 (Ala. 1980), this court, following the cited authorities, summarily rejected declarant's contention, supported by the original developer, that the Court should transpose a dedicated public street into a private way pursuant to the alleged intent of the developer at the time he recorded the subdivision plat. Our case law is clear to the effect that the unequivocal intent shown by the developer in recording a platted subdivision with unrestricted public streets and alleys indicated thereon, and in selling lots by reference thereto, cannot be vacated by subsequent parol evidence of a contrary intention. *Page 778