FAULKNER, Justice.
This is an appeal by the City of Centre-ville from a final judgment vacating a portion of Fourth Avenue North in Centreville, Alabama. We affirm.
On December 2, 1966, a subdivision plat entitled “Country Club Estates” was filed and recorded in the probate office of Bibb County, Alabama. White and Deason are the present owners of all of the property abutting an isolated portion of a dead-end street designated as Fourth Avenue North. The portion of the street vacated is 400 feet long and constitutes all of Fourth Avenue North east of Second Street North. (See appendix.)
White and Deason initially filed with the city council a declaration to vacate the portion of Fourth Avenue North which is abutted on all sides by their commonly owned property. When their request was denied, they filed suit in the Bibb County Circuit Court pursuant to Alabama Code (1975), § 35-2-58. They alleged that as sole abutting property owners they were entitled to vacation of the street since it has never been made into a through street and since it dead ends into their abutting property.
The following facts were orally stipulated to at trial:
1. That Fourth Avenue North is an officially dedicated street up to the point where the street dead ends at Lot 4. (The White and Deason Lot.)
2. That a revised map of the City of Centreville was recorded in 1968. This map shows an extension of Fourth Avenue North through Lot 4 eventually joining another street in existence, Goodwin Avenue.
3. That the extension of Fourth Avenue North shown on the 1968 map was never officially dedicated.
4. That White and Deason were the sole abutting owners of the property surrounding the portion they sought to have vacated.
5. That White is the owner of Lots 2 and 3, and the north part of Lot 4, and Deason is the owner of Lots 5 and 6, and the southern portion of Lot 4.
Based upon the evidence presented, and the stipulations of fact, the court granted the plaintiffs’ petition to vacate. In rendering final judgment, the Court, inter alia, set out the following findings:
(a) that the scheme of the subdivision for the vacated portion of Fourth Avenue North was to provide access only for the property of the appellees, not to provide any mode of ingress or egress to the other owners in the subdivision;
(b) that the right of ingress and egress of the nonabutting property owners will not be affected in any way by the vacation of the street;
(c) that the interest of the other owners of property in the subdivision or of the City is too remote to be of any consequence in the vacation of the street; and
(d) that the street does not provide any access to natural resources or private recreational facilities.
The City of Centreville’s motion for a new trial was denied and it appeals.
The City contends that the trial court did not properly take into consideration the interests of non-abutting property owners in the subdivision. Specifically, the City argues that the above findings of the court were arbitrary and based on conjecture and thus should fail for lack of evidentiary support.
We disagree with the City’s contentions and affirm the circuit court’s judgment.
The instant case was brought under Alabama Code (1975), § 35-2-58, which provides: “The circuit courts of this state shall have jurisdiction and power to vacate ... any streets, ... upon the filing of a civil action by any person or persons owning any of the lots, parcels or tracts of land abutting such roads, streets or alleys sought to be vacated.” The rights of attin-gent property owners are the same under § 35-2-54, when vacation is sought through a municipal agency. Gwin v. *1064 Bristol Steel & Iron Works, Inc., 366 So.2d 692 (Ala.1978). Section 35-2-54 provides in part that “convenient means of ingress and egress to their property shall be afforded to all other property owners owning property in the tract of land embraced in the map, plat, or survey....”
Sections 35-2-54 and 35-2-58 and the case law interpreting these vacation statutes provide broad protection for the interests of property owners who may not own property abutting the portion of the street sought to be vacated, subject only to a rule of remoteness. Jackson v. Moody, 431 So.2d 509 (Ala.1983); Booth v. Montrose Cemetery Association, 387 So.2d 774 (Ala.1980); Gwin v. Bristol Steel & Iron Works, Inc., 366 So.2d 692 (Ala.1978).
In Booth, supra, this Court held:
“Case law in this State reflects that the statute authorizing a platted street to be vacated by ‘the owner or owners of the lands abutting the street,’ is interpreted to protect the interests of other property owners in the subdivision, who may not necessarily own property abutting the street or portions thereof sought to be vacated. Every purchaser of a lot shown on the recorded map of the subdivision has the right, as against the dedicator of the streets, and the purchasers of the other lots, to have the designated scheme of public thoroughfares maintained in its integrity, as it existed when he purchased the property, and all persons whosoever may use these public ways as the occasion requires.”
387 So.2d at 776-77.
In determining whether the non-abutting property owners have an interest in this case, the designated scheme of public thoroughfares is evidenced by reference to the recorded subdivision plat. In its current condition, the portion of Fourth Avenue North which plaintiffs seek to have vacated cannot provide ingress or egress to any property owner other than plaintiffs White and Deason. Nor, in this case, would the vacation of the isolated portion of Fourth Avenue North deprive other landowners of the use and enjoyment of their property. According to the recorded plat, the portion of Fourth Avenue North in question is a dead end street, contiguous with the plaintiffs’ property. There is not now, nor has there ever been, a public thoroughfare through Lot 4.
We fail to see how the non-abutting property owners could possibly be affected by the vacation of the property. The City has neither hypothesized exactly what rights it seeks to protect, nor pointed out how non-abutting property owners might be affected by vacation of this parcel.
The City apparently argues that it may, in the future, extend Fourth Avenue North in accordance with the revised City map, in which case the landowners in the subdivision would have an interest to be protected. We, however, are not persuaded by the City’s argument. The proposed extension of Fourth Avenue North would be through Lot 4. It is undisputed, based on the parties’ stipulation, that there was never an official dedication of this property for an extension. The fact that the extension of Fourth Avenue North is drawn on the revised city map does not constitute a legal dedication of the property in favor of the City. Because there has been no official dedication of the plaintiffs’ property for the extension, the public has no vested right to the extension of Fourth Avenue North until such time as the property is either purchased or opened as a street. See Arnett v. City of Mobile, 449 So.2d 1222 (Ala.1984).
We conclude that the trial court properly considered the scheme of the subdivision as represented by the recorded plat and correctly found that the interests of other property owners in the subdivision were too remote. The judgment, of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.
*1065 APPENDIX