779 F.2d 1553
 29 Ed. Law Rep. 511
 John C. HENLEY, III, an individual and T. Lawrence Johnson,
an individual, Plaintiffs-Appellees,
v.
David HERRING, Jeff Germany, Dr. John Katapodis, Nina
Miglionico, Bill R. Meyers, Russell Yarbrough, William A.
Bell, and Eddie Blankenship, individually and in their
official capacities as members of the Birmingham, Alabama
City Council; the City of Birmingham, Alabama a
municipality; Sam Earle G. Hobbs, Aaron M. Aronov, T.
Massey Bedsole, Winton M. Blount, Frank M. Bromberg, Jr.,
O.H. Delchamps, Jr., Garry Neil Drummond, Sandral Hullett,
William Henry Mitchell, John T. Oliver, Jr., Thomas E. Rast,
Yetta G. Samford, Jr., Martha H. Simms, Cleophus Thomas,
Jr., and Ernest G. Williams, individually and in their
official capacities as members of the Board of Trustees of
the University of Alabama, Defendants-Appellants.
 No. 85-7148.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 14, 1986.
 
 L.H. Warren, City Atty., Birmingham, Ala., for Herring, et al.
 Ina B. Leonard, Robert H. Woodrow, Birmingham, Ala., for Hobbs et al.
 Andrew P. Campbell, Birmingham, Ala., for Henley & Johnson.
 Appeals from the United States District Court for the Northern District of Alabama.
 Before GODBOLD, Chief Judge, JOHNSON, Circuit Judge and TUTTLE, Senior Circuit Judge.
 GODBOLD, Chief Judge:
 
 
 1
 This case concerns the effort of a state university, as an abutting landowner, to vacate and close a city public street and include the vacated area in its campus, without resorting to condemnation procedures. The district court enjoined the effort, and we affirm.
 
 
 2
 Suit was brought under 42 U.S.C. Sec. 1983 for a temporary and permanent injunction against the University of Alabama at Birmingham ("UAB") and the City of Birmingham. UAB has a large urban campus that straddles 19th Street, a thoroughfare included in the original grid plan of streets laid out for Birmingham and one of only two streets directly connecting the Five Points South commercial district with downtown Birmingham. UAB is the sole owner of land abutting 19th Street between 6th and 7th Avenues, South, and, with the Veterans' Administration, is one of only two owners of land abutting 19th Street between 7th and 8th Avenues, South. Pursuant to a master plan to develop its medical center complex, UAB has taken steps to vacate and close 19th Street between 6th and 8th Avenues, South. These steps were taken under Ala.Code Secs. 23-4-20 and 35-2-54, which provide for the vacation of public ways on the petition of abutting landowners. The City is involved because, under the statute, its assent is necessary before the proposed vacation can become final.
 
 
 3
 The plaintiffs are owners of property that abuts 19th Street but is not attingent to the section of the street that UAB seeks to close. One plaintiff's commercial property is located about four blocks north of the proposed closing; the other plaintiff's residence is about two blocks south of the proposed closing. The plaintiffs claim that as non-remote, abutting landowners they have a due process right, guaranteed under the Fourteenth Amendment to the United States Constitution and under Article I, Sec. 13 of the Alabama Constitution, to have 19th Street preserved as a public way in its original integrity. The district court granted summary judgment to plaintiffs and permanent injunctive relief. The City and UAB appeal.
 
 I. Ripeness
 
 4
 The City contends that the plaintiffs' claims are not ripe for adjudication. In particular, the City points out that when the suit was filed it had not formally approved the vacation. Also, UAB had not yet made the filings in probate court necessary to complete the statutory process. Subsequently, however, and before the date of the judgment, UAB made the necessary filings and the City did formally approve the vacation. Since ripeness is "peculiarly a question of timing" these intervening events are significant. Blanchette v. Connecticut Gen. Ins. Corps., 419 U.S. 102, 139-40, 95 S.Ct. 335, 356, 42 L.Ed.2d 320 (1974). The case was ripe when the district court ruled.
 
 
 5
 Williamson County Regional Planning Comm'n v. Hamilton Bank, --- U.S. ----, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), does not require a finding of unripeness here. In Williamson County the plaintiff had not availed itself of a state inverse condemnation procedure before filing a Sec. 1983 suit in federal court. The Supreme Court held that "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation clause until it has used the procedure and been denied just compensation." 105 S.Ct. at 3121. The Court further held that the property owner would similarly have to pursue the state inverse condemnation remedy before bringing suit alleging that state police power had been exercised beyond the bounds of due process. The basis of the Court's reasoning was that under either theory a measurement of the effect of the application of the challenged ordinance would be necessary. That effect could be measured only after the completion of the inverse condemnation proceeding.
 
 
 6
 Here, the district court has found that plaintiffs have a protectable property interest for injury to which they have no adequate remedy at law. The adequacy of compensation in hypothetical amounts is not an issue, nor is there an issue whether an offer of compensation is so inadequate as to deny due process. These property owners claim to have an absolute right--subject only to the sovereign right of eminent domain--to the integrity of the plan of public ways as originally dedicated. Their claim is not premature.
 
 II. Abstention
 
 7
 Abstention is "an extraordinary and narrow exception to the duty of a [federal] Court to adjudicate a controversy properly before it," and is justified "only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." Allegheny County v. Mashuda Co., 360 U.S. 185, 188-89, 79 S.Ct. 1060, 1062-63, 3 L.Ed.2d 1163 (1959). Such exceptional circumstances are not present here.
 
 
 8
 Although matters of land use planning are primarily of local concern, Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 28, 79 S.Ct. 1070, 1072, 3 L.Ed.2d 1058 (1959), they do not in and of themselves present such extraordinary circumstances that abstention becomes automatic. Allegheny County, 360 U.S. at 191-92, 79 S.Ct. at 1064; Fountain v. MARTA, 678 F.2d 1038, 1046 (11th Cir.1982). Plaintiffs have sought relief under the Alabama constitution as well as under the federal constitution, and the federal constitutional issues might be mooted by a prior state court application of state law. See Allegheny County, 360 U.S. at 189, 79 S.Ct. at 1063; Railroad Comm'n v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). But abstention is not required simply because the challenged state action may conflict with a "broad and sweeping" state constitutional provision[1] that is substantially similar to a protection found in the federal Bill of Rights. Examining Board v. Flores de Otero, 426 U.S. 572, 598, 96 S.Ct. 2264, 2279, 49 L.Ed.2d 65 (1976); Hawaii Housing Authority v. Midkiff, 467 U.S. 229, 104 S.Ct. 2321, 2327 n. 4, 81 L.Ed.2d 186 (1984).[2]
 
 
 9
 This court has abstained from deciding disputes involving the exercise of eminent domain where there were concurrent proceedings in the state courts. See Fountain, 678 F.2d at 1046; Creel v. City of Atlanta, 399 F.2d 777, 779 (5th Cir.1968). Here, there are no such concurrent state court proceedings, and thus no threat of inconsistent outcomes and attendant friction. Moreover, the relevant state law is neither unclear nor difficult to apply.
 
 III. Applicable Alabama Law
 
 10
 The dimensions of the property right asserted in this action are defined by state law. Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The plaintiffs' property right is that set out in a line of Alabama cases including Gwin v. Bristol Steel, 366 So.2d 692 (Ala.1978) and Thetford v. Town of Cloverdale, 217 Ala. 241, 115 So. 165 (1927), which interpret the vacation statutes, Ala.Code Secs. 23-4-20 and 35-2-54 (1975),[3] "to protect the property interests of non-consenting property owners affected by the proposed closing, subject only to the rule of remoteness." Gwin, 366 So.2d at 694. The defendants would have us hold that Gwin and Thetford are inapposite and that the controlling law is that of Markstein v. City of Birmingham, 286 Ala. 551, 243 So.2d 661 (Ala.1971) and Chichester v. Kroman, 221 Ala. 203, 128 So. 166 (Ala.1930), which would entitle the nonconsenting, abutting-but-nonattingent property owner to nothing more than a reasonable alternative route of access. But Gwin itself notes the divergence between Thetford and Chichester and limits the Chichester line to eminent domain cases. See Gwin, 366 So.2d at 694 n. 1. This case, like Gwin, involves the vacation of a public way in a non-eminent-domain context.
 
 
 11
 Cases in the Gwin-Thetford line recognize that an owner of property that is part of a dedicated street plan has a right "to have the designated scheme of public thoroughfares maintained in its integrity, as it existed when he purchased the property," E.g., Booth v. Montrose Cemetery Ass'n, 387 So.2d 774, 777 (Ala.1980). This right is subject to the limitation that "[t]he interest of the purchasers of lots more or less remote from the street in question may be more or less theoretical depending on circumstances." Thetford, 115 So. at 167. Although the "rule of remoteness" has not been precisely defined, Booth, 307 So.2d at 777, it requires only a "close connection between the wrong and the injury," Jackson v. Moody, 431 So.2d 509, 513 (Ala.1983), and does not necessarily leave unprotected the nonconsenting owner whose property abuts the way to be vacated but is not attingent to the precise portion to be vacated, see Gwin, 366 So.2d at 694, or even the owner whose property does not abut the way at all, where the owner bought in reliance on a dedicated system of thoroughfares. See e.g., Jackson, 431 So.2d at 513; Booth, 387 So.2d at 776-77.
 
 IV. Summary Judgment and Remoteness
 
 12
 The district court found that the plaintiffs' properties abutted 19th Street in the vicinity of the proposed vacation and that the diversion of through traffic from 19th Street would diminish the value of these properties. Based on these findings the court concluded that the connection between the plaintiffs' injury and the vacation was not remote.
 
 
 13
 The defendants say that, to the extent that the non-remoteness conclusion rested upon a finding that the value of plaintiffs' property would be diminished by the closing, the court improperly resolved an issue of material fact in ruling on a motion for summary judgment. The court had before it the affidavit of George Leos, President of UCV Development Co., Inc., which owns 19th Street property that lies closer to the section to be closed than either plaintiff's property. The affidavit states that Leos, without knowledge of the proposed closing, had contracted to buy property belonging to the original plaintiff in this suit[4] and that his later knowledge did not affect the price he was willing to pay and did not affect the value of the property to him.
 
 
 14
 Alabama law presumes that public thoroughfares add value to all lots included in a general street plan, Snead v. Tatum, 247 Ala. 442, 25 So.2d 162, 164 (Ala.1946). Assuming that this presumption is rebuttable and that the Loss affidavit raised a factual question as to the effect of the closing on property values along 19th Street, that question would be material only if its resolution might affect the outcome of the suit. See Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir.1980). The uncontested evidence regarding the locations of the several properties along 19th Street shows that the plaintiffs' lots are within the original city street grid and in immediate proximity to the street sought to be closed. In a similar case, and on the basis of a factual recitation no more extensive than this, the Alabama Supreme Court has held that "no fact question can possibly be presented to invoke the rule of remoteness." Booth, 387 So.2d at 777 (affirming summary judgment for opponent of vacation). No genuine question of material fact is presented here. Summary judgment was proper.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 The state constitutional provision cited in the complaint reads:
 That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay.
 Ala.Const., Art. I, Sec. 13 (1975). Although this language does not precisely mirror its federal counterpart, its intended breadth is evidently comparable.
 
 
 [2]
 Although it is unclear whether the plaintiffs in Midkiff and de Otero had asserted in their federal complaints a claim for relief under their respective state constitutions, no reason appears why the plaintiffs here--who have--should be denied their federal forum for having done so
 
 
 [3]
 The vacation procedure is available to landowners whether or not the way is included in a recorded plat. See McPhillips v. Broadbeck, 289 Ala. 148, 266 So.2d 592, 600 (1972). The rights of nonconsenting property owners appear therefore to be similarly independent of whether the street plan encompassing their lots has been recorded
 The vacation procedure is evidently available to municipalities and public entities as well as private property owners. However, nothing in the caselaw appears to support the defendants' contention that the Thetford-Gwin line is inapplicable to public entities that seek to use the statutory vacation procedure rather than their powers of eminent domain or state legislative means. Cf. Lybrand v. City of Pell City, 260 Ala. 534, 71 So.2d 797, 801-02 (1954). UAB has powers of eminent domain, see Gerson v. Howard, 246 Ala. 567, 21 So.2d 693, 695 (1945), but apparently has elected not to invoke them to achieve its purposes here.
 
 
 [4]
 Peerless Co., Inc., since dismissed