[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10637
Non-Argument Calendar

_____

D.C. Docket No. 2:03-cr-00232-WKW-SRW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY JEVON SEWELL,
a.k.a. Timothy Sewel,
a.k.a. Glen Armstrong,
a.k.a. Jerome Sewell,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(October 20, 2017)

Before TJOFLAT, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

In 2004, a jury convicted Timothy Sewell of conspiracy to distribute methamphetamine, possession with intent to distribute methamphetamine, and possession of a firearm by a convicted felon.  21 U.S.C. §§ 841(a)(1) and 846; 18 U.S.C. § 922(g)(1).  Sewell had his original sentence of 250 months' imprisonment vacated after succeeding in an action under 28 U.S.C. § 2255.  At resentencing, the District Court imposed a 188-month sentence, which exceeded the guideline range, and five years of supervised release.  He appeals that sentence.

On appeal, Sewell advances two arguments.  First, he contends that his sentence was substantively unreasonable.  Second, he argues that his supervised release condition—which requires him to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA")—violates the Ex Post Facto Clause of the United States Constitution.  U.S. Const. art I, § 9, cl. 3.  We dismiss the first challenge as moot.  We reject the second as foreclosed by precedent.

## I.

We first note that Sewell has served the challenged sentence.  Records indicate that Sewell was released from custody on August 18, 2017.  *See* Federal Bureau of Prisons Inmate Locator.[1]  Although the parties have not addressed

---

[1] BOP Inmate Locator, *available at* https://www.bop.gov/inmateloc/.

mootness,[2] we consider it *sua sponte* because it is a jurisdictional issue. *National Advert. Co. v. City of Miami*, 402 F.3d 1329, 1331–32 (11th Cir. 2005) (noting that mootness "may be raised by the court *sua sponte*, regardless of whether the district court considered it or if the parties briefed the issue"). Mootness is a question of law that receives *de novo* review. *Id.* at 1331.

Article III of the United States Constitution limits federal courts' jurisdiction to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "A case on appeal becomes moot, and ceases to be a case or controversy, when it no longer presents a live controversy with respect to which the court can give meaningful relief." *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008). Therefore, the court must resolve the question before assuming jurisdiction. *Id.* The "fundamental question" is whether events subsequent to the filing of the appeal deprive the court of the ability to grant the appellant "meaningful relief." *Id.*

A sentencing appeal is generally moot when the sentence has already been served. *See United States v. Farmer*, 923 F.2d 1557, 1568 (11th Cir. 1991). When a defendant challenges a sentence that has been fully served, the court will dismiss the appeal unless the defendant demonstrates some "collateral consequences" flowing from his sentence. *See Spencer v. Kemna*, 523 U.S. 1, 3, 14–17, 118 S. Ct. 978, 981, 986–88 (1998) (dismissing as moot a habeas petitioner's challenge to his

---

[2] Both parties filed their briefs prior to Sewell's release, and neither has made any subsequent filings.

3

parole revocation, when he had already served the underlying sentence, because he failed to show sufficient collateral consequences stemming from the revocation); *Minnesota v. Dickerson*, 508 U.S. 366, 371, 113 S. Ct. 2130, 2135 n.2 (1993) ("[T]he possibility of a criminal defendant's suffering collateral legal consequences from a sentence already served precludes a finding of mootness.") (internal quotation marks and citations omitted); *Farmer*, 923 F.2d at 1568 (dismissing as moot defendant's sentencing issue on direct appeal because he completed his sentence and "ha[d] not advanced any argument that there may be benefits . . . in having his sentence reduced" after he served it) (internal quotation marks omitted).  Nevertheless, we have declined to dismiss as moot challenges to sentences when the challengers were on supervised release and success on appeal could alter the supervised release portion of their sentences.  *See Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995); *United States v. Page*, 69 F.3d 482, 487 n.4 (11th Cir. 1995).

Here, Sewell challenges his 188-month sentence—an upward variance from the guideline range—as substantively unreasonable.  Sewell's success on his sentence appeal would not affect the supervised release portion of his sentence. Like the petitioners in *Dawson* and *Page*, Sewell remains on supervised release. But in those cases, the appeals were not moot because the defendants' success could alter their supervised release.  *See Dawson*, 50 F.3d at 886 n.2; *Page*, 69

4

F.3d at 487 n.4.  As for Sewell, regardless of the length of his sentence, the maximum authorized term of supervision is five years.  U.S.S.G. § 5D1.2(a)(1) (providing for a term of supervised release of at least two years but not more than five years for a defendant convicted of a Class A or B felony); Presentence Investigation Report at 1 (designating Counts I and II here as Class B felonies and Count IV as a Class A felony).  Thus, if Sewell was to prevail, and we held that the sentencing judge abused his discretion by imposing a substantively unreasonable prison sentence, his position would not change.  *See United States v. Irey*, 612 F.3d 1160, 1165 (11th Cir. 2010) (en banc) (explicating the proper standard of review). Nothing in the record suggests that if the District Court had imposed a shorter sentence, it would also have imposed a shorter or less restrictive period of supervised release.  As a result, we cannot provide Sewell with meaningful relief. *See Al-Arian*, 514 F.3d at 1189.  Finally, Sewell makes no arguments on this issue, and thus has not made the required showing of collateral consequences.  *See Spencer*, 523 U.S. at 14–17, 118 S. Ct. 978 at 896–88 (asking "whether petitioner *demonstrated* [collateral] consequences") (emphasis added).  Sewell's sentencing challenge is moot and this portion of his appeal dismissed.

## II.

Sewell next challenges the condition of his supervised release requiring him to register as a sex offender under SORNA.  Specifically, he argues that because

SORNA was not enacted until 2006, and his two sexual offense convictions occurred before SORNA's enactment, applying SORNA's registration requirements to him violates the Ex Post Facto Clause of the United States Constitution. According to Sewell, this amounts to unconstitutional retroactive punishment because it makes the punishment for his two prior sex offenses more burdensome.[3]

But as Sewell himself admits, this argument is foreclosed by this Court's decision in *United States v. W.B.H.*, 664 F.3d 848, 860 (11th Cir. 2011). In that case, we considered and rejected an *ex post facto* attack on SORNA's registration requirement. *Id.* Like Sewell, the challenger in *W.B.H.* had to, as a condition of his supervised release, register as a sex offender because of a sex offense conviction prior to SORNA's enactment. *Id.* at 851. We rejected that challenge pursuant to the Supreme Court's decision in *Smith v. Doe*, 538 U.S. 84, 123 S. Ct. 1140 (2003). We reasoned that because SORNA was not punitive as applied, the Ex Post Facto Clause had not been violated. *W.B.H.*, 664 F.3d at 860; *see also Smith*, 538 U.S. at 92–94, 123 S. Ct. at 1146–48. Sewell nevertheless argues *W.B.H.* was wrongly decided.

---

[3] This portion of Sewell's appeal is not moot. Sewell is serving out his period of supervision, which includes the registration requirement. Finding that requirement unconstitutional would alter the condition of his supervised release, providing him with meaningful relief. *See Dawson*, 50 F.3d at 886 n.2, *Al-Arian*, 514 F.3d at 1189. We therefore have jurisdiction over this portion of Sewell's appeal.

6

Yet as Sewell admits, *W.B.H.* binds this Court under the prior precedent rule.[4]  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*.").  Thus, we need not consider Sewell's argument that *W.B.H.* was wrongly decided, and affirm this portion of his appeal.

**DISMISSED IN PART, AFFIRMED IN PART.**

---

[4] We note that Sewell apparently includes this argument to "preserve the issue for review in case the Supreme Court, or this Court sitting *en banc*, later reconsiders its precedent."