[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10790
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-20094-CMA


CHRISTOPHER SHORTER,
a.k.a. Chrissy Shorter,

                                        Plaintiff-Appellant,

versus

WARDEN,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 19, 2020)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

In early January 2019, Christopher ("Chrissy") Shorter[1], a federal prisoner proceeding *pro se*, filed a self-styled emergency petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release based on the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), enacted on December 21, 2018. According to Shorter, the First Step Act applied retroactively to afford her an additional 56 days of good-time credits, which caused her sentence to expire on December 20, 2018. Shorter requested an order directing the Bureau of Prisons to recalculate her good-time credits under the First Step Act and immediately release her from prison.

Before any response was filed, a magistrate judge screened Shorter's petition and issued a report recommending dismissal without prejudice for three reasons. The magistrate judge concluded that (1) Shorter failed to exhaust administrative remedies; (2) any claim under the First Step Act was premature because the Attorney General had 210 days after the date of enactment to implement the good-time credit changes; and (3) Shorter likely could not qualify for any credits for time served before the enactment of the statute on December 21, 2018. Shorter objected and challenged each of those conclusions.

---

[1] Shorter states that she is a transgender female who prefers to be referred to using feminine pronouns.

The district court dismissed Shorter's § 2241 petition on February 15, 2019. The court "d[id] not reach the merits" of the magistrate judge's report. Instead, the court took judicial notice of Shorter's projected release date of February 14, 2019, and concluded that the case was moot because Shorter "ha[d] already received the relief sought in the Petition—release from imprisonment."

Shorter appeals, arguing that the case is not moot because the computation of the length of her sentence could affect the length of her term of supervised release. Reviewing *de novo*, we agree. *See United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) ("Whether a case is moot is a question of law that we review de novo." (quotation marks omitted)).

The jurisdiction of federal courts is limited to active "cases" or "controversies." *Id.* (quoting U.S. CONST. art. III, § 2). A case "becomes moot, and ceases to be a case or controversy, when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (quotation marks omitted). The "fundamental question" is whether the court has the ability to grant the appellant "meaningful relief." *Id.*

In criminal cases, a defendant wishing to continue her appeal after the expiration of her sentence must suffer some continuing injury or collateral consequence. *United States v. Juvenile Male*, 564 U.S. 932, 936 (11th Cir. 2011); *United States v. Serrapio*, 754 F.3d 1312, 1317 (11th Cir. 2014). Collateral

3

consequences are presumed when a defendant challenges her underlying conviction. *Juvenile Male*, 564 U.S. at 936. But no such presumption exists when a defendant challenges only an expired sentence, and the defendant bears "the burden of identifying some ongoing collateral consequence that is traceable to the challenged portion of the sentence and likely to be redressed by a favorable judicial decision." *Id.* (cleaned up).

In *Dawson v. Scott*, we held that a prisoner's § 2241 petition seeking credit against his sentence was not mooted by the prisoner's subsequent release. 50 F.3d 884, 886 n.2 (11th Cir. 1995); *see also United States v. Brown*, 117 F.3d 471, 475 n.3 (11th Cir. 1997) (same); *United States v. Page*, 69 F.3d 482, 487 n.4 (11th Cir. 1995) (same). We explained that the petitioner, Dawson, was still serving a term of supervised release, "which is part of the sentence and involves some restrictions upon his liberty." *Dawson*, 69 F.3d at 487 n.4. Concluding that "success for Dawson could alter the supervised release portion of his sentence," we denied the government's motion to dismiss the appeal as moot. *Id.*

While we did not further explain how success could alter the supervised-release portion of Dawson's sentence, the Seventh Circuit has provided a rationale consistent with *Dawson*. In a similar § 2241 case in which a petitioner sought credit against a sentence, the Seventh Circuit concluded that the petitioner's release did not moot the appeal because a finding that the petitioner "spent too much time in prison

. . . would carry 'great weight' in a § 3583(e) motion to reduce [the petitioner's] term," even though it would not "automatically entitle him to less supervised release." *Pope v. Perdue*, 889 F.3d 410, 414–15 (7th Cir. 2018). Other circuits have adopted similar reasoning. *See United States v. Epps*, 707 F.3d 337, 345 (D.C. Cir. 2013); *Levine v. Apker*, 455 F.3d 71, 77 (2d Cir. 2006); *Mujahid v. Daniels*, 413 F.3d 991, 994–95 (9th Cir. 2005).

Here, Shorter's release from prison did not moot her petition. Like Dawson, Shorter sought credit against her sentence through a § 2241 petition, she was subsequently released from prison, and she was serving a term of supervised release at the time our decision issued.[2] Moreover, as in *Pope*, Dawson could potentially benefit from a finding that she spent too much time in prison. Accordingly, we conclude that Shorter's petition is not moot because "success for [Shorter] could alter the supervised release portion of [her[ sentence." *Dawson*, 69 F.3d at 487 n.4.

Since the appeal is not moot, the government argues the judgment should be affirmed on two alternative grounds reflected in the magistrate judge's report and recommendation. Although we may affirm on any ground supported by the record, *Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017), we decline to affirm on these alternative grounds.

---

[2] The government asserts that this case is more like an unpublished case, *United States v. Sewell*, 712 F. App'x 917, 918–19 (11th Cir. 2017), than *Dawson*. But it offers no specific ground on which to distinguish *Dawson*, which is binding, whereas *Sewell* is non-precedential.

First, the government asserts that Shorter's § 2241 petition is premature. The government notes that the provision of the First Step Act on which Shorter relies, which amended the statute governing good-time credits for federal prisoners, 18 U.S.C. § 3624, was not effective at the time Shorter signed her *pro se* § 2241 petition on January 3, 2019. Specifically, according the government, the First Step Act, enacted on December 21, 2018, provided that the amendment to § 3624 would be effective after the Attorney General completed a risk and needs assessment, which the Attorney General had to complete within 210 days of the date of enactment—by July 19, 2109, in other words. 132 Stat. at 5195–96, 5209–5210, 5213. Because Shorter filed her § 2241 petition well before that date, the government argues, the petition was premature.

We take the government's prematurity argument to be based on the ripeness doctrine. *See Dig. Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997) ("The [ripeness] doctrine seeks to avoid entangling courts in the hazards of premature adjudication." (quotation marks omitted)). But ripeness can be affected by events occurring after the case is filed. *See Blanchette v. Conn. Gen. Ins. Corps.*, 419 U.S. 102, 140 (1974) (stating that "ripeness is peculiarly a question of timing[;] it is the situation now rather than the situation at the time of the District Court's decision that must govern"); *Henley v. Herring*, 779 F.2d 1553, 1555 (11th Cir. 1986) (considering events subsequent to the filing of the complaint, stating that

6

ripeness is a question of timing, and concluding that the case was ripe when the district court ruled). The 210-day deadline has come and gone, so it poses no ripeness problem for Shorter's § 2241 petition.

As a second, alternative ground for affirmance, the government contends that Shorter failed to exhaust her administrative remedies through the BOP before filing suit in federal court. In general, a § 2241 petitioner must exhaust available administrative remedies before she can obtain relief in federal court. *Santiago-Lugo v. Warden*, 785 F.3d 467, 474–45 (11th Cir. 2015). However, the exhaustion requirement in § 2241 cases is "judge-made," rather than jurisdictional. *Id.* And the Supreme Court has described "three broad sets of circumstances" where "the interests of the individual weigh heavily against requiring administrative exhaustion." *McCarthy v. Madigan*, 503 U.S. 140, 144, 147 (1992).

We decline to address exhaustion in the first instance. Shorter objected in the district court that requiring exhaustion would be futile in part because it "would take too much time to go through the administrative process." Her objection broadly relates to the first circumstance described in *McCarthy*, where "requiring resort to the administrative remedy may occasion undue prejudice to subsequent assertion of a court action." *Id.* at 146–47. Such prejudice may result because there is an "unreasonable or indefinite timeframe for administrative action" or because, regardless of the administrative time frame, "a particular plaintiff may suffer

7

irreparable harm if unable to secure immediate judicial consideration of his claim." *Id.* at 147. Because the district court did not address the merits of the magistrate judge's recommendation for lack of exhaustion or Shorter's objections thereto, we vacate and remand for the court to do so in the first instance. *See Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000) ("If there is an issue that the district court did not decide in the first instance, it is not properly before this Court and we remand for the district court's consideration."). The court may also consider whether exhaustion is required for Shorter to continue her petition as it relates to her term of supervised release.

In sum, we vacate the dismissal of Shorter's § 2241 petition as moot and we remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**